## Clark *against* Holmes.

Where one of
two partners,
makes a spe-
cial warranty,
on the sale of
goods, the pur-
chaser may
maintain his
action against
the partner,
who made the
warranty, with-
out joining the
other partner.

IN error, on *certiorari*. The plaintiff below, declared
against the defendant below, on a warranty, in the sale of
pork. The plaintiff alleged, that he purchased of the
defendant, one hundred pounds of pork, for which he
paid him 10 dollars ; and that the defendant, at the time
of the sale, warranted the pork to be good and whole-
some, when, in fact, it was bad and unwholesome, and
totally unfit for use ; and that the plaintiff, immediately,
after he had examined the pork, at home, returned it to
the defendant, and demanded the 10 dollars, and the
charges of transportation. The defendant below, pleaded
in abatement, that the pork sold to the plaintiff, belonged
to him and one *Hyde*, and that *Hyde* and the defendant,
were partners in trade, under the firm of *Hyde & Clark*,
and that the action ought to have been brought against
both partners. The plaintiff demurred, alleging, that he
bought the pork of *Clark* only, and that *Hyde* lived out of
the county. The justice overruled the plea in abatement,
and the defendant pleaded the general issue. The plain-

tiff's declaration, as to the sale, warranty, and breach, were fully proved, and the jury found a verdict for the plaintiff.

*Gold,* for the plaintiff in error.

*N. Williams,* contra.

*Per Curiam.* It was not necessary to make *Hyde* a party in the suit. The plaintiff had a right to bring his action against the partner who made the warranty, without joining his copartner. The judgment below must be affirmed.

Judgment affirmed.