April 3d, 1817,
Judge Roane
pronounced the Court’s opinion.
The Court is of opinion, that, although in actions against copartners, iho plaintiff is bound to sue them all, he will be excused for not doing so, until, by a plea of abatement, ho shall have been informed, who the other partners are : that an omission of such plea on the part of the defendant is a waiver of the objection by him ; and that he sliail not be admitted to give it in evidence on the trial, even although it should also appear, in evidence, that the plaintiff knew who the real partners were. This plea is not, however, necessary, nor shall such waiver result from its omission, in cases, in which it appeal’s, in the de~ duration, that the plaintiff had already that knowledge, which it would be the object of the plea to afford. The Court is farther of opinion that a plaintiff is not more at liberty to omit proceeding ng’-inst some of the partners, in cases, in which it appears, from his declaration, that he knew originally who they *552 were, than he would be, to do so, after he has obtained that knowledge from the plea aforesaid.
The case of Brown v. Belsches does not conflict with this idea; as, in that case, the other partner was exempted from farther prosecution, by the act of law, abating the suit a3 to him, and not, as in the case before us, by the act of the plaintiff. It cannot be said in this case that the Appellee could not be injured by the separate judgment against him. Every partner is liable, to pay the whole debt; and it would be hard to subject one to the whole weight of the judgment in the first instance, and leave him to go for contribution against his partner. It might have been otherwise in this case, had it appeared to the Court that the Appellee’s partner was (quoad him) released from his liability to pay the debt. That, however, does not appear, but the contrary, as Í3 shewn by the deed made part of the demurrer to evidence.
Upon the Demurrer to Evidence, this Court would probably concur with the County Court; and thinks the Superior Court erred in its decision thereupon: but the Court is of opinion that the said County Court erred in giving judgment for the Appellant upon the Demurrer to Evidence, instead of arresting the judgment for the reasons now assigned. Both Judgments are therefore reversed; and, this Court proceeding, &c. it is farther considered, that the Appellant take nothing by his Bill, &c.