## Case No. 4,284.

EDMONDSON v. BARRELL.

[2 Cranch, C. C. 228.] [1]

Circuit Court, District of Columbia.    April Term, 1821.

E. J. Lee, for plaintiff,

Mr. Lear, for defendant,

E. J. Lee contended

But THE COURT (nem. con.) supported the objection, and rejected the deposition.

The handwriting of the defendant, Barrell, was proved by another witness, and the jury found a verdict for the plaintiff.

Mr. Lear, for defendant, Barrell, moved, in arrest of judgment, that the declaration is against three persons, upon a joint assumpsit, and the verdict finds the issue only as to one of them, the others not having appeared, nor having been outlawed, and no process having been issued against them. The practice of outlawry, in Maryland, in civil cases, has become obsolete, but, as a substitute for it, process must be issued against all the defendants, and continued against those not taken, to the time of trial, when, if not taken, that fact may be stated in an amendment to the declaration, and the plaintiff may obtain judgment against such of the defendants as have appeared and pleaded.

Mr. Lee and Mr. Jones, for plaintiff, con-

[1] [Reported by Hon. William Cranch, Chief Judge.]

tended that the objection came too late. That a variance between the writ and the declaration can only be taken advantage of by plea. · That the writ is no part of the record without being made so by oyer, which the defendant has not demanded. Hole v. Finch, 2 Wils. 394, 395; 1 Saund. 317, note 3; Ford v. Burnham, Barnes, Notes Cas. 340; Spalding v. Mure, 6 Term R. 363; Watson v. Shaw, 2 Term R. 654; Oakley v. Giles, 3 East, 167; Clarke v. Holmes, 3 Johns. 148, Stables v. Ashley, 1 Bos. & P. 49; Stephens v. White, 2 Wash. [Va.] 212; Boswell v. Jones, 1 Wash. [Va.] 323; Barton v. Petit, 7 Cranch [11 U. S.] 194; Moss v. Moss, 4 Hen. & M. 293; 1 Tidd, Pr. 160, 162, 652; Tomlinson v. Blacksmith, 7 Term R. 132; Blackamore's Case, 8 Coke, 161; Tomkin v. Crocker, 1 Ld. Raym. 564, 1 Salk. 49; Barnes, Notes Cas. 10, 16, 22; 1 Tidd, Pr. 162; Judiciary Act 1789, § 32 (1 Stat. 73).

Mr. Lear, contra, cited Barton v. Petit, 7 Cranch [11 U. S.] 194; Rice v. Shute, 5 Burr. 2613; 1 Chit. Pl. 438, 439; Scott v. Godwin, 1 Bos. & P. 72; 1 Chit. Pl. 29; 1 Har. Ent. 201, where there is the form of a declaration against one defendant, when the others are returned non sunt.

THE COURT arrested the judgment, and ordered a venire de novo, and permitted the plaintiff to amend his declaration upon payment of the costs of the term.

At April term, 1820, Mr. Lear, for defendant, moved the court to quash the writ, because it had been issued against the defendant Barrell, alone, upon a joint cause of action.

But THE COURT overruled the motion.

The plaintiff, under the leave to amend, filed a new declaration stating—"That George G. Barrell, late of the county aforesaid, merchant, and lately carrying on trade and commerce as a merchant, under the name, style, firm, and description of Kirkpatrick, Grivegneê, & Co.. was attached to answer unto Charles Edmonston, in a plea of trespass on the case, &c., and whereupon the said Charles, by E. J. Lee, his attorney, complains, that whereas the said George, on the 8th day of May, 1816, at the city of Malaga, in the Kingdom of Spain, to wit, at the county aforesaid, together with one William Kirkpatrick, and Henry Grivegneê the younger, was indebted to the said plaintiff in the sum of 2556 dollars and 55 cents, lawful money of the United States, for divers goods, wares, and merchandises by the said plaintiff, before that time sold and delivered to the said George, and to the said William Kirkpatrick and Henry Grivegneê the younger, at their special instance and request; they, the said George, William, and Henry, to whom the said goods, wares, and merchandises were sold and delivered as aforesaid, being, at the time of the said goods, wares, and merchandises, and of contracting the said debt as aforesaid, to wit, on the same day and year aforesaid, and for a long time before and after, at Malaga aforesaid, joint merchants and traders, carrying on trade and commerce in copartnery, under the name, style, firm, and description of Kirkpatrick, Grivegneê, & Co.—which said William and Henry, as well at the time of the sale and delivery of the said goods, wares, and merchandises, and of contracting the said debt as aforesaid, as at the time of commencing the plaintiff's action aforesaid, and always before, and ever since, continually dwelt and resided in foreign parts, without the District of Columbia aforesaid, and without the limits and jurisdiction of the United States of America, to wit, at Malaga aforesaid, and were not, nor was either of them, at the time of commencing the plaintiff's action as aforesaid, nor at any time before or since, any where within the jurisdiction of this court; and being so indebted, the said George, in consideration thereof, afterwards, to wit, on the day and year aforesaid, at the county aforesaid, undertook," &c., "and to the plaintiff faithfully promised to pay him the said sum of money when he, the said George, should thereunto be afterwards requested." There was also a count for money had and received, with similar averments. And the declaration concluded with an averment that neither the said George, nor the said William and Henry have paid the said sums of money, or either of them, or any part thereof; and that the said defendant and the said William and the said Henry have altogether refused to pay the same, &c.[2]

Mr. Lear, for defendant, offered a plea in abatement, that the other joint promisors had not appeared, and were not made parties to the suit.

But THE COURT (nem. con.) refused to receive it unless upon oath.

The defendant then pleaded the general issue, and the jury was sworn.

The plaintiff offered, in evidence, the letters of Kirkpatrick, Grivegneê, & Co., in the handwriting of the defendant Barrell, dated Malaga, 17th April, and 8th May, 1816, inclosing an account of sales of the plaintiff's rice to the amount of $3,880.10, and promising, when in cash, to remit the amount in undoubted bill, on London, to Davidson & Simpson, according to the plaintiff's orders; which was the whole evidence in the cause. Whereupon the defendant's counsel moved the court to instruct the jury that the said evidence was not sufficient, in law, to enable the plaintiff to sustain his action; and

THE COURT (nem. con.) so instructed them; being of opinion, that to enable the plaintiff to sustain this action against the defendant alone, upon his sole assumpsit, it was necessary for the plaintiff to prove an express sole promise by this defendant, upon the joint consideration; and that the sale and delivery of goods to the three, would

---

[2] This declaration was drawn by Walter Jones, Esq.

not, in law, raise an implied assumpsit of one alone. The plaintiff took a bill of exceptions. The jury found a verdict for the defendant.

Mr. Lee, for plaintiff, moved for a new trial, on the ground of the misdirection of the jury, by the court, in the point of law, and cited Rice v. Shute, 5 Burrows, 2611; Abbot v. Smith, 2 W. Bl. 947; Whelpdale's Case, 5 Coke, 119; Stead v. Moon, Cro. Jac. 152. See, also, Shirreff v. Wilks, 1 East, 48; Nowlan v. Geddes, Id. 634; Tom v. Goodrich, 2 Johns. 220; Brown v. Belches, 1 Wash. [Va.] 9; Shields v. Oney, 5 Munf. 550; Wats. Partn. 241.

Mr. Jones, on the same side. Mercantile partners are jointly and severally bound, but not other joint contractors. A joint contractor, if sued alone, may rely on the joint contract, and may object to the evidence; for the plaintiff's allegata and probata must agree. It is only in mercantile partnerships that the plaintiff can recover in a suit against one alone, upon a partnership debt, if the defendant do not plead in abatement. In this cause the declaration presents the same case as if the writ had issued against all the partners, and all but one had been returned non est.

THE COURT (THRUSTON, Circuit Judge, contra,) granted a new trial, being of opinion that a partnership debt may be given in evidence to support the assumpsit laid in the declaration.

At April term, 1821, the cause came on again for trial, upon the issue of non assumpsit.

Mr. Lear, for defendant, objected to the deposition of J. Marshall, for want of formality; but

THE COURT overruled the objection, because he had, at the former trial, waived all objections to it.

Mr. Lear, for defendant, also objected to the deposition of John Haslett, because the judge who took the same had not expressly certified that the deponent was examined, cautioned, and sworn by him, the said judge; he having certified that "the said witness, being of full age, and being carefully examined, and cautioned, and sworn to speak the whole truth, says in manner and form following," &c.

But THE COURT overruled that objection also, and suffered the said deposition to be read in evidence, because it was plainly to be understood that the deponent was by him (the judge) examined and cautioned, &c.

Mr. Lear then prayed the court to instruct the jury, that if they should be satisfied by the evidence, that the goods of the plaintiff, for the value of which this suit is brought, came to the hands of the said Kirkpatrick and Grivegneè, and were sold by them before the admission of the defendant into the partnership, then the contract was made with the plaintiff by Kirkpatrick and Grivegneè only, and the defendant is not chargeable in this action; and that if the defendant was not a partner of the firm at the time of the contract, no subsequent assumpsit by him, in the name of the firm can charge him, in this action, unless an agreement be proved that he should be chargeable with the debts or contracts of the old firm;

Which instruction THE COURT refused to give, as prayed, but instructed the jury, that if they believed from the evidence that the goods of the plaintiff in the declaration mentioned, came to the hands of Kirkpatrick and Grivegneè, and were sold by them before the defendant, Barrell, was admitted into the partnership, then the contract was made by the plaintiff with Kirkpatrick and Grivegneè only, and the defendant is not chargeable in this action, unless the jury should be satisfied by the evidence that the stock of the old firm was carried into the new, and that it was agreed by the new firm with the plaintiff to pay the said debt to him; or that the money for which the said goods were sold, came to the hands of the new firm of Kirkpatrick, Grivegneè & Co., and that in consideration thereof, they promised to pay the amount thereof to the plaintiff.

Verdict for the plaintiff, $2,556.55, with interest from the 16th of June, 1816.

The defendant took a bill of exceptions, but did not prosecute a writ of error.