as a waiver. (*Milfax* v. *Baker*, 1 Lev. 26. *Malone* v. *Malone*, 1 Ball & Beat. 32, note (a) But, for this subject at large, see vol. 2.

So, on the other hand, a re-entry for breach of condition, regular and formal at the common law, may be presumed from the lapse of time during which the lessor has possessed. This has been done after 14 years. *Jackson, ex dem. Goose*, v. *Demarest*, 2 Cain, Rep. 382. *Jackson, ex dem. Smith*, v. *Stewart*, 6 John. Rep. 34.) But it was denied that nine years' possession would warrant the presumption. (*Jackson, ex dem. Donnally*, v. *Walsh*, 3 John. Rep. 226.) And in a subsequent case, it is declared that any time short of 14 years is not enough. (*Jackson, ex dem. Myers*, v. *Elsworth*, 20 John. Rep. 180.) After one lease given for 81 years to one, and then a second and third lease by the reversioner to another, the original lessee being out of possession, leaving the latter lessees or their assignees in possession, who paid rent for a long time, a surrender or assignment of the first was presumed. (*Westropp's lessee* v. *Moore*, 2 Fox and Smith, 363.)

UTICA,
August, 1827.

Packard
v.
Hill

---

## PACKARD and others *against* HILL, impleaded with HASKINS.

THE plaintiffs, Packard and three others, declared against the defendants, for that the plaintiffs, being partners under may yet appear and move to set aside the nonsuit. A nonsuit as to one count is not a nonsuit as to others; and the plaintiff may, notwithstanding, proceed upon the others in a regular course.

A plaintiff who is non-suited, though out of court,

But on a venire *tam quam*, to try an issue as to one count, and assess contingent damages on demurrer to others, if the plaintiff be nonsuited as to the issue, he cannot proceed to assess contingent damages on the counts demurred to.

In pleading a judgment, the party should show in what court it was obtained; and cannot say, generally, it was in a court having competent jurisdiction.

And in declaring on a promise to indemnify against a recovery of moneys, it is not sufficient to aver generally, that the plaintiff was compelled to pay.

But *held*, that the pleading in both instances is good on general demurrer; the defects being formal.

The contract was to indemnify the plaintiffs, against expenses incurred by them, or their agents. The averment was, that one of the plaintiffs, as agent of all the plaintiffs, had been damnified. *Held*, good on general demurrer.

Showing the copy of a foreign judicial record, certified by a clerk having the custody of the records of the court in which judgment was rendered, the handwriting of the clerk being proved, and the court having no seal is a sufficient authentication; and entitles it to be read in evidence here; especially, where it is proved farther, that the record is authenticated in the usual form of those sent to be used as evidence in a foreign country.

Parts of a record are probably admissible in evidence. The whole is not necessary. It is sufficient that extracts are furnished sufficient to show, *prima facie*, the facts sought to be proved.

On an agreement to indemnify against law-suits, whether an arbitration is included? *Quere.*

But where an agreement was to indemnify against law-suits brought or to be brought, and an arbitration was pending at the time of the agreement; *held*, that the agreement reached the arbitration.

The history of the execution and satisfaction of a judgment or condemnation for a sum of money, in the record of a foreign judicatory, is evidence of payment.

the firm of Packard & Gowen, certain differences arose be tween them, acting as agents of the defendants, as therein after mentioned, and one Otzen, concerning the freight and average on a cargo of iron, landed from the Swedish ship Fortuna, of which Otzen was captain, at *Havana; that thereupon, in consideration that the plaintiffs would continue the defendants' agents, &c., the defendants bound themselves to save the plaintiffs harmless from any costs, damages and expenses, which might thereafter arise in consequence of any law-suit or law-suits, which then were or might thereafter be brought against the plaintiffs or their agents, by Otzen, or the owners of the vessel, or their agents, for the recovery of any freight or average on the cargo landed; and to sustain and forthwith reimburse the plaintiffs, or their agents, for any sum or sums of money which they or their agents might be liable to pay, in consequence of any act of the said master, owners or agents, about the said business, either in or out of court. The declaration then averred that the plaintiffs continued their agency, &c.; that afterwards a suit was instituted by Otzen at Havana, and prosecuted to judgment there, in a court having competent jurisdiction, against Gowen, as being the agent of the plaintiffs, and responsible in their behalf; which suit was prosecuted to recover a certain claim alleged to be due as average on the cargo landed; and that, by the consideration and judgment of the court, $2607 37 were adjudged to be paid by Gowen, agent of the plaintiffs, and which he paid as their agent.

The second count recited that the plaintiffs, being agents of the defendants, respecting the concerns of the ship Fortuna, and it being contemplated that some claim or demand might be made by Otzen, or the owners of the ship, or their agents, for a recovery of freight or average on the cargo landed, in consideration, &c., (as in the first count,) the defendants promised to save the plaintiffs harmless from any costs, damages and expenses, which might arise in consequence of any law-suit or law-suits, which then were, or might thereafter be brought against them, or their agents, by Otzen, &c., for the recovery of freight or aver-

age on the cargo landed; and that the defendants would forthwith reimburse the plaintiffs any sum of money which the defendants, or their agents, might be liable to pay, in consequence of any act of Otzen, or the owners, &c., in relation to the said matter, either in or out of court. This *count then averred that Gowen, as agent of the plaintiffs, and acting in their behalf, was compelled to pay, and did pay to Otzen, on account of a claim for the freight, one sum of $5,000; and another sum of $5,000, on account of a claim for average.

The third count was like the first, except that it averred the suit was instituted against Gowen, *one of the plaintiffs, acting in their behalf as their agent;* that the adjudication was, that Gowen, *agent as aforesaid,* should pay; and that he, *agent of the plaintiffs,* was, by force of the judgment, compelled to pay, &c.

The fourth count was the common one for money paid, laid out and expended.

*General demurrer* to the three first counts, and joinder. The *general issue* was pleaded to the fourth count.

The plaintiff proceeded to trial at the New York circuit, in April, 1825, on a venire *tam quam,* before BETTS, (late) C. Judge.

On the trial, the plaintiffs were nonsuited as to the 4th count.

They then proposed to assess contingent damages on the three counts demurred to. To this the defendants' counsel objected; but the judge overruled the objection.

The plaintiffs then proved a written agreement by the defendants, dated August 15th, 1815, by which they bound themselves to the plaintiffs, (by the name of Packard & Gowen,) to save them harmless for any costs, damages and expense, which might arise in consequence of any law-suit or law-suits, which were or might be brought against Packard & Gowen, or their agents, by Captain Otzen, of the Sweedish ship Fortuna, the owners of that vessel or their agents, for the recovery of any freight or average, on a cargo of iron landed from this ship in Havana. And farther, the defendants agreed to sustain, and forthwith re-

UTICA,
August, 1827.

Packard
v.
Hill.

[*437]

imburse the plaintiffs or their agents for any sum or sums of money, which they or their agents might be liable to pay, in consequence of any act of the master, overseers or agents, about said business, either in or out of court.

*The plaintiffs then offered in evidence a document in Spanish, and a translation into the English language. This document purported to be extracts from the proceedings in the court of Consulado, at Havana, founded on an award, pronounced February 5th, 1815, between Otzen & Gowen, in relation to the iron in question, in which Otzen recovered against Gowen $2,607 37 1-2. It appeared by the same extracts, that this sum was paid on the 18th of December, 1819. These proceedings were certified by one of the clerks of the court. His certificate was verified by the certificate of one of the royal college of notaries; with the seal of the college affixed, and certified by the American consul. The plaintiffs also produced a witness at the trial, who proved the signature of the clerk, and that the court has no seal; and that the record was authenticated in the manner customary at Havana, for the court of Consulado, when to be sent to foreign countries; and that the court has jurisdiction of all commercial causes.

The defendants' counsel objected that the document was not sufficiently proved; but the judge received it in evidence.

The defendants' counsel then took several objections to the sufficiency of the document; 1. Because it did not set forth all the proceedings in the cause; 2. Because they appeared to be founded on a voluntary arbitration; not upon a law-suit; 3. They were against Gowen, individually; not against the plaintiffs or their agents; 4. That except a recital in a certain power of attorney set forth among them, there was no evidence that the suit related to the subject matter of the agreement, and the record was no evidence of the recital; 5. That the document was no evidence of the payment of the money.

The judge, however, allowed the document as sufficient evidence; and the jury assessed the plaintiff's damages at $3,448 24.

' The defendants' counsel excepted to the opinion of the judge, on all the objections taken at the trial; and the cause now came on to argument, upon the demurrer and bill of exceptions.

*G. Griffin*, for the defendant. By being nonsuited on [*438] the issue, the plaintiff is out of court; and has no right to come here, either to argue the demurrer or bill of exceptions. A nonsuit as to one count, is a nonsuit as to the whole action. (*Snow* v. *Como*, 1 Str. 507.) This is evident from the language of the entries. (Lil. Ent. 514; 10 Wentw. 423; Tidd's Pr. Forms, 4th ed., 309, 370; K. B. Pr. 7th ed., 452, 453; Lee's Dict. Pr. 925; Sher. Pr. 288.) The case is the same, in effect, as if the plaintiff had made default on the return of the jury. (15 Vin. 574, and the cases there cited, Nonsuit (K) pl. 1, 2, 3, 4, and 6; Sid. 378; 3 Bl. Com. 376; 2 Leon. 177.) The case of *Slowly* v. *Eveley*, (Hob. 180,) which will be cited against us, was not one of *nonsuit*, but of *nolle prosequi*. This appears from a report of the same case in Cro. Jac. 439; under another title, *Euley* v. *Stoley*. No doubt the cases are identical. The term and the number of the roll are the same. (Tr. 12 Jac. 1; Roll. 983.) The case is there stated to be one of *nolle prosequi*. The plaintiff should have first argued his demurrer. The writers on law uniformly adopt the doctrine as laid down in Croke. (Lawes' El. Tr. Pl. c. 8, p. 168; Tidd's Pr. 797; Dougl. 169, *note*; Bing. Judg. 10; 2 Dunl. Pr. 656.

But the demurrer is well taken. The first and third counts should have specified the court by whose judgment Gowen was compelled to pay. At least the general nature of the proceedings should have been set forth. (2 Salk. 517; Laws on Assumpsit, 669, 670; 3 Chit. Pl. 119;(a) Hob. 266; 2 John. Rep. 433.) The second count should have specified how he was compelled to pay. Neither count avers that the plaintiffs themselves had paid any thing. The agent has paid; but there is no averment that he was reimbursed by the plaintiffs. Gowen, it is true, is one of the plaintiffs; but that makes no difference against

us. The action should either have been in the name of Gowen alone; or else the plaintiffs should be shown to have paid.

As to the bill of exceptions. The document, purporting to be a copy of the Havana judgment, was not duly authenticated. *It should have been proved by an examined copy; or a copy certified under the hand of the judge, his handwriting being proved in the usual way. (4 Cowen, 526, *note*, and the cases there cited; 4 Campb. 29; 2 Stark. Rep. 7, 9; 1 Chit. Com. Law, 653.

[*439]

But if duly proved, the document is inadmissible. It should have set forth all the proceedings in the cause; or, at least, enough to remove all doubt, that the judgment was concerning the matters specified in the agreement. (7 John. 519.) The proceedings are against Gowen individually; not against him as agent for the plaintiffs. At any rate, they cannot be received as evidence of the payment. A record is evidence only of the point decided. (1 Marsh. on Ins. 411; 8 T. R. 192.)

*R. Sedgwick*, contra. As to the preliminary point: the precedents cited, all relate to a general nonsuit; not one upon a single count. *Snow* v. *Como*, (Str. 507,) is the only case in point against us; and that is a mere *nisi prius* decision. The case of *Slowly* v. *Eveley*, (Hob. 180,) is directly the contrary; and Croke, who reports the case differently, is not to be relied on. He is remarkable for the carelessness and looseness of his reports. Suppose there had been no demurrer; the evidence upon the 3d count would have been excluded; and the cause gone on upon the other counts.

As to the demurrer: the first count is on a promise to indemnify the plaintiffs against any suit to be brought by Otzen; and to reimburse them for what they might be liable to pay; one of them having been obliged to pay, as the agent or representative of the plaintiffs, and responsible in their behalf. Or this count may be considered as on a promise to save the plaintiffs harmless; and reimburse them or their agents, for any money which either might be

liable to pay. Gowen, being one of the plaintiffs, who were all agents of the defendants; and being responsible in behalf of the plaintiffs, was, by this fact, constituted their agent. The third count is on a contract of indemnity against any law-suit which might be brought against the *plaintiffs or their agents; and to reimburse them or their agents. It avers expressly, that the proceedings against Gowen were against him as their agent.

UTICA,<br>August, 1827.<br><br>Packard<br>v.<br>Hill.<br><br>[*440]

The objection that the allegation as to the court in which the proceedings took place is too general, should have been brought up by special demurrer. Beside, the court may have no name; nothing by which it can be more particularly described. No suit will lie by Gowen alone. The promise was to the plaintiffs jointly, covering all claims against them or either of them; and the action must follow the joint character of the engagement. (1 Chit. Pl. 9; 2 Saund, 116, b; 1 John. Cas. 327.) The contract was not made with Gowen individually.

But it is not necessary to show actual payment. It is enough that the plaintiffs were liable to pay. This is not only an answer to the demurrer, but also to that branch of the bill of exceptions which questions the record as proof of payment. There was no need of such proof. We go farther than is necessary when we show a payment by any one. In the 3d count, we aver payment by the agent. There is no doubt that this is sufficient, admitting payment to be necessary. We were not bound to wait a law-suit.

As to the bill of exceptions. Here is evidence sufficient to establish the judgment, even on a plea of *nul tiel record*, or no judgment recovered. The clerk who signed, was shown to be the proper person to authenticate the proceedings; and his authentication was regularly shown. (2 Chranch, 238; 4 Campb. 29.) There being no seal of the court, the only question is as to the proper person who should certify the proceedings.

The record shows what the recovery was for. But it is a sufficient answer, that the identity of the subject in court, with that of the agreement, is admitted by the demurrer.

If evidence of payment was necessary, here was a payment of record. Was it ever contended that an entry of satisfaction on a judgment roll, should not avail as evidence of payment? It is the highest and most satisfactory of all evidence.

[*441]     *Griffin, in reply. The late chancellor Kent, in his commentaries, gives the character of Croke's reports. He styles them a work of credit and celebrity among the old reporters; and speaks of them as bearing a high character from the eminent qualifications of the author, and the precision with which he reported. (1 Kent's Com. 451.)

The consideration of the promise alleged in the declaration, proceeded from Gowen alone. The action should, therefore, have been in his name individually. The payment was the foundation of the action. The demurrer admits nothing for the purposes of this argument upon the bill of exceptions. Everything must be proved; and it is in answer to whatever the plaintiffs may claim, that the matter was settled, and the agent has concluded himself, by a voluntary arbitration.

Curia, per SAVAGE, Ch. J. A preliminary objection is raised, to both the argument on the demurrer, and the motion to set aside the nonsuit; on the ground that the plaintiff is out of court, being nonsuited. The case of Snow v. Como, (1 Str. 407,) is relied on by the defendants' counsel In that case, there was a demurrer to one count, and an issue on the other; and the venire was awarded, as well to try the issue, as to assess contingent damages upon the demurrer. The plaintiff was nonsuited upon the issue; and the chief justice, (Sir John Pratt,) would not go on to assess the damages; saying he had no power so to do, the plaintiff being out of court. The precedents also are relied on, showing that when the plaintiff is nonsuited, he is out of court; and hence it is argued he cannot be an actor. The case of Slowly v. Eveley, (Hob. 180,) is relied on by the plaintiffs' counsel; where it is said, that when there is a demurrer and an issue, and the plaintiff is nonsuited, he may still proceed with the residue of his action. This case

is not an authority for saying that the plaintiff may proceed in his cause at the same time that he is nonsuited. In that, there is certainly a seeming inconsistency. The venire is as well to try the issue, as to assess the damages. If there be no issue, *there can be no assessment of damages at the circuit; nor before the sheriff, till there is a judgment. Where, therefore, the issue is not in fact tried, there can be no assessment. The plaintiff surely could not, under such a venire, assess damages, if before the assessment he were to enter a *nolle prosequi*. The trial of the issue is the principal matter; and the assessment of contingent damages is only incidental. The cases cited, I think, when considered together, show that if the plaintiff becomes nonsuited on one issue, he cannot assess contingent damages upon other issues; but he is not out of court upon those issues; and may proceed upon them in their regular course. Neither is the plaintiff so entirely out of court upon a nonsuit, that he cannot move to set it aside. Such motions are made and acted on at every term of this court.

As to the demurrer. The first and third counts state that Gowen was compelled to pay by a court of competent jurisdiction, without stating what court. This objection would undoubtedly be good upon a special demurrer. If a party plead a judgment, he must show in what court; for, to put the adverse party to search in every court, would be infinite. (2 Salk. 517.) To plead that a defendant was discharged out of custody by due course of law, without stating how he was discharged, is bad. (2 John. 437.)

To this it is answered, that if these counts are thus defective, the defendants cannot avail themselves of the defect upon a general demurrer; and so I am inclined to think. The defect is matter of form. If it be true that a recovery was had in a court of competent jurisdiction, the plaintiffs are equally entitled to recover, as if it had been stated that the judgment was rendered in the court of Consulado, or the superior court of the island of Cuba. The general demurrer admits the recovery to have been had in a court of competent jurisdiction.

The same remark is applicable to the second count. It

states that Gowen was compelled to pay; but does not specify how. The count is undoubtedly bad on special demurrer; but on general demurrer, the inference must be, that he was legally compelled to pay.

[*443]       *The third objection is, that the action should have been brought in the name of Gowen. To this it is answered, that the contract is joint. The promise is to Packard & Gowen, to reimburse them, or their agent, the amount to be recovered against them, or their agent. My construction of the contract, as stated, is, that the action must be brought by Packard & Gowen; but the defendants might plead a satisfaction to Gowen, the plaintiffs' agent, if such were the fact. A payment either by the plaintiffs, or their agent, gives a right to call on the defendants; but a payment by the defendants may be made either to the plaintiffs, or their agent.

My opinion, therefore, is, that upon general demurrer, the declaration is good; and that the plaintiffs are entitled to judgment upon the demurrers.

Upon the question of the assessment of damages, I have already shown that the assessment was irregular. But if I am mistaken in this, it may be proper to consider the points arising upon the bill of exceptions.

1. It is objected, that the copy of the judgment at Havana was not duly authenticated. It was shown that the document, purporting to be a copy of the judgment, was signed by the clerk of the court, who was keeper of the records of that court; and that his signature validated all its proceedings; that the court has no seal; that the seal used to the certificate, is the seal of the royal college of notaries; and that the document is authenticated in the customary way in which records are authenticated, to be sent to foreign countries.

In *Delafield* v. *Hand*, (3 John. 310,) it was decided that an exemplification of the proceedings of a tribunal at Havre, was not evidence, of itself; but such proceedings should be established like other matters of fact, and subject to the same rules of evidence.

In *Vandervoort* v. *Col. Ins. Co.* (2 Caines, 168,) it was de-

cided, that the copy of proceedings of condemnation, under the seal of arms of the secretary of state, could not be received in evidence; there being no proof that the secretary of state had the custody of the records of that description.

*In the case of *Gardere* v. *Col. Ins. Co.*, (7 John. 514,) the decree of the court of vice-admiralty at Antigua, certified by the actuary, in the absence of the deputy registrar in admiralty, was offered in evidence. Proof was given of the seal affixed to the sentence, and of the signature and official character of the person signing and certifying the decree. This was held sufficient. It was also decided, in this latter case, that the whole proceedings need not be produced; but so much only as states the fact material to be proved on the trial.

[*444]

In the case under consideration, we have proof of the signature of the officer who has the custody of the records of the court, and whose duty it is to certify them. It is proved that the court has no seal; but that the seal to the certificate is the seal of the college of notaries; and the signatures of the notaries are genuine. This evidence is certainly sufficient.

But it is again objected, that the whole proceedings are not set forth; nor enough to show that the recovery related to the subject matter of the agreement. The whole proceedings are not given; but it appears that the recovery was in relation to a quantity of iron landed at Havana, and seems to be, *prima facie*, sufficient. That the proceedings are against Gowen, individually, is no objection. Captain Otzen probably did not know that Gowen was the agent of his house, or that the house were agents for the defendants; nor was it necessary that either of these facts should appear.

It is further objected, that the plaintiffs were not authorized to submit to arbitration; the engagement being to indemnify them for what they should be compelled to pay. The agreement, it will be seen, relates to suits then pending, as well as those which should be brought; and, by the document given in evidence, it appears these proceedings

UTICA,      commenced in February, 1815, before the signing of the
August, 1827. agreement.  The presumption is, therefore, that the suit
Jones       then pending, was known to the defendants; and is to be
v.          considered a compulsory proceeding within the terms of
Baker.      the agreement.

[*445]          *It is also said, that the record is not competent proof of
the payment of the money.  That fact makes part of the
proceedings of the court; and I see no reason why it is
not as well proved as any other established by the record.
It is not usual for records to contain the history of the exe-
cution; but they may do so, with entry of satisfaction,
which is high proof of payment.  This judgment is satis-
fied of record; which, I think, is sufficient proof of pay-
ment.

The result of my opinion is, that the plaintiffs are enti-
tled to judgment on the demurrers; that the assessment
of damages is justified by the evidence; but the plaintiffs,
having been nonsuited on the issue, could not assess con-
tingent damages.  The assessment should, therefore, be set
aside.

Rule accordingly.

SUTHERLAND, J., not having heard the argument, gave
no opinion.