PACKARD and others *vs.* HILL, impleaded with HASKINS.

THIS was an action of *assumpsit* to recover monies paid, <span>The *written*</span> &c. for the defendants. The declaration contained four <span>laws of foreign states must be</span> counts : the three first counts were special, to which the de- <span>proved by an</span> fendant demurred; the fourth was the common count for <span>*exemplification*, and cannot be</span> money paid, laid out and expended, to which the defendant <span>proved by the printed statute</span> pleaded the general issue. The plaintiffs, before disposing <span>books of such states.</span> of the issues of law, proceeded to trial on a *venire tam quam*, at the New-York circuit, in April, 1825, when the plaintiff was nonsuited on the fourth count. Contingent damages, however, were assessed on the three first counts. Several exceptions were taken on the trial to the decisions of the judge, and the cause was subsequently brought to argument upon the demurrer and bill of exceptions. (*See report of case*

in 7 *Cowen*, 434 *to* 445.)    The court gave judgment for the plaintiffs on the demurrer, and that the assessment of damages was justified by the evidence in the case, but set the same aside as irregular, the plaintiff having been nonsuited on the issue of fact.    The cause was again tried; the same evidence, in substance, was given as before, and a verdict found for the plaintiffs.    Exceptions were again taken, and the same points were raised as on the former argument, with an additional point, which is *the only one* here intended to be noticed, growing out of an offer of testimony on the trial, which was made for the purpose of invalidating the evidence of a judgment rendered by a court in the island of *Havana*, called the court of *consulado*, on which the plaintiffs relied for their recovery.    The defendant offered to prove by a witness, that he had practised in the court of consulado of Havana, and was acquainted with the laws by which that court is governed; that they are contained in a printed book, which was produced, and which he had purchased at a bookstore in Havana, and that the practice and proceedings of that court are, in fact, governed by those laws; that they purport to be the commercial code of Havana, being the royal charter establishing the consulado of Havana; and that a manuscript, which was also produced, was a translation of such parts of the laws as were deemed material to the question before the court : which evidence was objected to by the plaintiffs, and rejected by the presiding judge.

*S. A. Foot*, for the defendants, moved for a new trial, on the point above stated, and on the several points urged on the former argument.

*R. Sedgwick*, for plaintiffs.

*By the Court*, SAVAGE, Ch. J.    All the points now raised, except that growing out of the offer to prove the laws regulating the court of consulado of Havana, in the manner stated in the bill of exceptions, were considered and decided when this cause was heretofore before us, (7 *Cowen*, 434,) and we adhere to the decision then made.    The evidence offered to prove the laws regulating the court of consulado, by a print-

ed book purchased in Havana, purporting to contain the royal charter establishing that court, was properly rejected by the judge. It is by virtue of a statute of this state, that our own statutes are read in court from a printed book. The written laws of other states must be proved by an exemplification, and not by the printed statute books of such states. The rule on this subject is not uniform in the courts of our sister states, (*note 2 to 1 Starkie's Ev.* 163,) but a book purchased in a bookstore, purporting to contain the laws of a state, unless published by authority, would not be admitted any where, as evidence of the written laws of any government.

NEW-YORK,<br>May, 1829.