JAMES RAY et al. *vs.* C. S. WOOLFOLK, use, &c.

A general demurrer to a plea, however informal and open to special objections, if it is not so defective that judgment cannot be given " according to law and the right of the cause," must be overruled.

A plea to an action of assumpsit upon a promissory note, stating in substance, " that the note was given for a certain lot, and that the consideration had wholly failed for want of title in the vendor," is good upon general demurrer.

THIS cause is brought here by writ of error to the Rankin circuit court.

Charles S. Woolfolk, suing for the Commercial Bank of Natchez, sued James Ray and William O. Short upon a note made by them, for the sum of eight hundred and forty dollars, payable to Charles S. Woolfolk, executor of William R. Woolfolk, deceased.    The action was in assumpsit.

The defendants appeared and plead non assumpsit, and the following special plea, viz :

" *Charles S. Woolfolk,* use, &c. v. *James Ray & W. O. Short.*"

".The defendants by attorney, come and defend ; and for further plea in this behalf say the plaintiff, their action thereof against them ought not to maintain, because they say that the note sued on and maintained in the plaintiff's declaration, was executed and delivered to the said plaintiff, for and in consideration of a certain town lot, of and in the town of Brandon and State aforesaid, to wit : the north half of lot No. 2, the north half of Seminary square containing one acre more or less, and claimed and sold by the said Charles S. Woolfolk, as executor of William R. Woolfolk, deceased, to the defendants, and for no other consideration whatever; and the defendants aver that the whole consideration for which said note was given has wholly failed, because the said William R. Woolfolk in his life time, or the said executor since his death, had and have no title to the said lots that they could commu-

nicate to the defendants; and this they are ready to verify, wherefore they pray judgement, &c.

"HUGH L. FRENCH, for defendants."

The plaintiffs' counsel filed a general demurrer to this plea, which was sustained by the court. The defendants withdrew the plea of general issue, and judgment of *nil dicit* was rendered against them; whereupon they sued out this writ of error.

The principal error assigned, was the error of the circuit court in sustaining the demurrer to the special plea.

*W. G. Thompson*, for plaintiffs in error.

Judgment was rendered in this cause sustaining the demurrer to the defendants' plea, without an issue having been made to the court. The record presents no joinder in demurrer.

The plea sets up formally a failure of the consideration of the note, on which the action is founded; it states that the plaintiff had no title whatever to the land, which could be conveyed to the defendants. Title was certainly of the substance of the contract; without that, nothing could rightfully pass to the defendants. In showing a total want of title in the plaintiff, they show a total failure of consideration. That the plea is sufficient, the decision of this court made in the case of *Gwin* v. *McCarroll*, at the last term, is referred to.

The defendants, it is contended, cannot be prejudiced by having withdrawn the plea of the general issue. It was their right to set up the matter of their defence in a special plea, besides pleading a general issue. They might have withdrawn either one of the pleas before judgment was rendered, without prejudice. And no reason can be assigned why that privilege or right should be refused after judgment. Moreover, the court had already pronounced judgment upon the defendant's ground of defence, in deciding upon the validity of the special plea. And why should they be required to invoke a repetition of that judgment, by setting up the same matter of defence under the general issue?

In the case of *Bailey* et al. v. *Gaskins*, 6 How. Rep. p. 519,

in which there was the plea of the general issue, and also spe-
cial pleas setting up matter of defence which might be given in
evidence under the general issue, and which pleas were de-
murred to, the judgment of the court below against the defend-
ant was reversed on the ground that the matter of the special
pleas formed a good bar to the action, although there was a ver-
dict and judgment against the defendant which must have been
rendered on the general issue, although the record does not show
that the demurrer was disposed of by the court. It is settled
by this case, that the defendant, may plead the general issue,
and also set up the matter of his defence by special plea, al-
though it might be given in evidence under the general issue.
And it is further settled that the defendant may rely upon his
special plea in such case, at all times; and after judgment
against him as well as before. This case was not overruled as
to these points, by the decision in *Gwin* v. *McCarroll.* In the
case before the court, the defendants have chosen to rely upon
their special plea, which it was their privilege to do; and, as the
court below erroneously sustained the demurrer to that plea, it
is contended that the judgment should be reversed.

The court rendered final judgment against the defendants, on
sustaining the demurrer to their plea; whereas, judgment of
*respondeat ouster* should have been awarded, as the statute im-
peratively directs. Rev. Code, p. 120, § 66. *Davis* v. *Singleton's*
Administrator, 2 How. Rep. p. 681.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action of assumpsit, brought upon a promissory
note executed by the plaintiffs in error, the defendants below.
Besides the general issue, they filed a special plea, to the effect
following: " that the note sued on, was executed for and in
consideration of a certain town lot in Brandon, sold by Charles
S. Woolfolk, as executor of William R. Woolfolk, deceased, to
the defendants, and for no other consideration; and they aver
that the whole consideration has failed, because neither the said
decedent nor his said executor, ever had any title to said lot
which they could communicate to the defendants." To this

plea, there was a general demurrer without the assignment of any cause, and the same was sustained by the court. The defendant then withdrew his other plea, and judgment was rendered against him.

There is no doubt that the special plea is very informal, and would be necessarily decided to be bad, if the defects had been pointed out by the demurrer. It does not disclose enough to enable the court to determine whether the consideration has failed or not. It states no warranty of title, and, for aught that appears, the purchaser might have agreed to run the risk of the title. It is therefore defective. See 2 How. 633. Yet, as the demurrer is equally general and indefinite, and does not point to any imperfection in the plea, we think it ought to have been overruled. See *Packard* v. *Hill*, 7 Cow. 442. Our statute directs that no defect or imperfection shall be regarded upon a demurrer other than those specially alledged, unless something shall be omitted so essential to the action or defence, that judgment according to law and the very rights of the cause, cannot be given. How. & Hutch. 615. Now, as the failure of the whole consideration is averred, we cannot say, because the mode of the failure is not stated, that something is omitted, so essential that judgment cannot be given according to law and the right of the cause. If the objection had been referred to in the demurrer, we could not have disregarded it. Perhaps one great reason for the enactment, is, that if the defect is pointed out by the demurrer, the party might amend in the court below; but if it is concealed until he comes into the appellate court, and the demurrer is there sustained, he is precluded from the amendment.

The judgment will be reversed, the demurrer overruled, and the cause remanded for further procedings.