## HUGH THOMPSON ET AL.

### v.

## JOHN J. MASON ET AL.

1. FOREIGN JUDGMENT—HOW PROVED.—A judgment, when it is the foundation of an action, or material to any issue therein, must be proved according to the rules applicable to the proof of other like facts, and hence the best evidence is the record itself; but where, from the necessity of the case, a copy of the record is offered as evidence, it must be verified as such under the sanction of an oath or of some other high authority, such as the law respects no less. So, where the copy offered in evidence was not verified by an oath, or such a seal attached as proved itself, and there was no proof *aliunde* of its genuineness, or of the signature or official character and authority of the persons certifying it, it was not admissible in evidence.

2. CERTIFICATE THAT REGISTRAR WAS KEEPER OF RECORDS.—This copy was inadmissible, for the further reason that the certificate of the registrar does not contain a statement that "he is the keeper of the records of the court," as required by our statute.

APPEAL from the Circuit Court of Livingston county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed November 1, 1879.

Mr. A. E. HARDING and Mr. R. S. McILDUFF, for appellants; that though the master's report, and the order confirming the appointment of a successor to M., both recite the fact of M. being a trustee, those recitals are not proper evidence of such appointment, cited 1 Greenleaf's Ev .§ 511; Winans

v. Dunham, 5 Wend. 47; Wilson v. Corrine, 2 Johns. 280.

Under a plea of not guilty, in an action on the case, the defendant may put the plaintiff on proof of the whole charge, and may give evidence of any justification or excuse: Champaign v. McMurray, 76 Ill. 353.

As to proof of judgments and foreign records: 1 Greenleaf's Ev. § 511; 2 Phillip's Ev. 138; Church v. Hubbart, 2 Cranch, 238; Henry v. Adey, 3 East, 221; Buchanan v. Rucker, 1 Camp. 63; Flindt v. Atkins, 3 Camp. 215; Alivon v. Furnival, 1 Cromp. M. & R. 281; Delafield v. Hand, 3 Johns. 310; Den v. Vreelandt, 2 Halst. 352; Dunlop v. Waldo, 6 N. H. 453; Pickard v. Bailey, 6 Foster, 152; Griswold v. Pitcairn, 2 Conn. 90; Andrews v. Herriott, 4 Cow. 526; Lincoln v. Battelle, 6 Wend. 484; Gardere v. Col. Ins. Co. 7 Johns. 519; Chew v. Keck, 4 Rawle, 171: Packard v. Hill, 2 Wend. 411; Buttrick v. Allen, 8 Mass. 273; Cavan v. Stewart, 1 Stark, 525; Black v. Braybrook, 2 Stark, 6; Thompson v. Stewart, 3 Conn. 171; Vandervoort v. Col. Ins. Co. 2 Caines, 155; Story's Conflict of Laws, § 531.

As to the seal of a foreign court: Delafield v. Hand, 3 Johns. 310; Griswold v. Pitcairn, 2 Conn. 90; DeSobry v. DeLaistre, 2 Harr. & J. 192; *Ex parte* Povall, 3 Leigh, 816; Story's Conflict of Laws, § 530; 2 Phillips' Ev. 436; 1 Greenleaf's Ev. § 4; Lincoln v. Batelle, 6 Wend, 484; Gardere v. Col. Ins. Co. 7 Johns. 519; Chew v. Keck, 4 Rawle, 171; Catlett v. Pacific Ins. Co. 1 Caines, 613; Thompson v. Stewart, 3 Conn. 171; Yeaton v. Fry, 5 Cranch, 335; Dunlop v. Waldo, 6 N. H. 453; Anthon's Nisi Prius, 40.

The whole record must be exemplified: 2 Phillip's Ev. 344; Edmiston v. Schwartz, 13 Serg. & R. 135; Vance v. Reardon, 2 Nott & McC. 299; Dismukes v. Musgrove, 8 Martin, 375; Ingham v. Crary, 1 Pa. 389.

Messrs. Wallace and Terry, for appellees; as to landlord's lien on growing crops, cited Watt v. Scofield, 76 Ill. 261; Prettyman v. Unland, 77 Ill. 206.

Trover and trespass are concurrent actions for the unlawful taking and conversion of goods: 1 Chitty's Pl. 156.

In proceedings for distress the landlord must seize the property and reduce it to possession: Rev. Stat. 659.

Where a record is not the gist of the action, a copy under the seal of the court is a sufficient exemplification: 1 Greenleaf's Ev. § 501.

The authentication was good under our statute: Rev. Stat. 490, § 13.

Pleasants, J.  This was an action on the case originally brought by appellee, Mason, together with Charles B. Murphy and Daniel Murphy, declaring as executors and trustees of the estate of Daniel Murphy, deceased, against appellants for wrongfully taking and carrying away the corn grown in the year 1875, upon certain premises demised by the plaintiffs to one Clark and subject to their lien for rent, whereby said rent was wholly lost.

An amended declaration was afterwards filed by leave of the court, substituting appellees Murphy and Stuart for said Charles B. and Daniel Murphy as parties plaintiff, alleging a lease by the original plaintiffs as the acting trustees of said estate, and the wrong and injury to appellees as their successors.

A plea of not guilty having been filed and a jury waived, the court, upon trial had, found the issue for the plaintiffs, assessed their damages and rendered judgment therefor; to which defendants duly excepted and now bring the case here by appeal.

The record shows that having introduced evidence tending to prove the other facts alleged in the amended declaration, the plaintiffs, to prove the succession of said Frederick Murphy and John C. Stuart as trustees, offered what was claimed to be an exemplification of certain orders and proceedings of the court of chancery of the Province of Ontario, Canada, making or confirming their appointment as such successors, which was received by the court against the objection of defendants; and the only question we deem it necessary to determine is the admissability of the document so offered and received.

This depends upon the sufficiency or insufficiency of its authentication, which was as follows:

Thompson v. Mason.

"In Chancery: Between John James Mason and Daniel S. Murphy, plaintiffs, and James Stevenson, Joseph R. Cherrier and others, defendants.

"I hereby certify that the foregoing are true copies, respectively, of (1) the decree made in the cause bearing date the 17th day of October, A. D. 1872; (2) so much of the report in this cause made in pursuance of such decree, and bearing date the fifth day of October, A. D. 1877, as relates to the appointment of a trustee in the room and stead of the said Joseph R. Cherrier; (3) an order made in this cause, bearing date the 13th day of February, A. D. 1877; and, (4) an order made in this cause, bearing date the 25th day of June, A. D. 1878.

[SEAL] "Witness my hand and the seal of the court of chancery, this third day of January, A. D. 1879.

"GEO. S. HOLMESTED, Reg."

"(Title as above) I, John Godfrey Spragge, of the City of Toronto, in the Province of Ontario, the chancellor of the court of chancery, for the Province of Ontario, do hereby certify that George S. Holmested, who has signed the certificate hereunto annexed, is the registrar of the said court of chancery and is a proper person to certify copies of the decrees, orders and reports, made, issued or filed in the said court.

"Witness my hand, this third day of January, A. D. 1878.

"J. G. SPRAGGE, C."

"I, George S. Holmested, of the city of Toronto, in the county of York, registrar of the court of chancery for the Province of Ontario, do hereby certify that John Godfrey Spragge, who signed the certificate above set forth, is the presiding Judge of the said court of chancery.

"GEO. S. HOLMESTED, Registrar."

A judgment, when it is either the foundation of an action or material to any issue therein, must be proved according to the rules applicable to the proof of other like facts, and hence the best evidence of which the nature of the case admits must be produced. It would therefore consist, primarily, of the record itself, which is usually produced when the proof is made in the court where the record remains; but when in another, from

necessity resort must be had to secondary evidence of its contents, which is ordinarily a copy. But whether the record itself or a copy, it must be verified as such under the sanction of an oath, or of some other high authority such as the law respects no less, by which is meant a sufficient seal. In the case of a copy, an oath in direct verification of it or of the signature and authority of the person certifying to it, is dispensed with only when the attestation is under such a seal as proves itself, that is, which the court of its own knowledge without other proof, recognizes as genuine.

Such are either great seals of State: Lincoln v. Battelle, 6 Wend. 484; Griswold v. Pitcairn, 2 Conn. 85; Church v. Hubbart, 2 Cranch, 228; 1 Greenl. Ev. § 4; 1 Wharton on Ev. § 319; Story on Confl. of Laws, § 643, and cases there cited; or those of other interritorial courts and officers authorized by law to have them; Delafield v. Hand, 3 Johns, 310; 1 Greenl. Ev. § 4; 1 Wharton on Ev. § 321; and under the latter are included those of tribunals and officers established and acting under the laws of nations,—as courts of admiralty and maritime jurisdiction and Notaries Public—which are regarded as domestic to all civilized States; 1 Greenl. Ev. § 5; 1 Wharton on Ev. § 320; Story on Confl. of Laws, § 643.

The law accords this recognition to the two classes of seals above mentioned, as it safely may, upon the presumption of their notoriety. Delafield v. Hand, 3 Johns. 314; Gilbert's Law of Ev. 16.

It is otherwise, however, with respect to those of foreign courts, which must therefore be proved *aliunde*. Henry v. Adey, 3 East, 221; Simonten v. Goddard, 9 Mod. 66; Delafield v. Hand, 3 Johns. 314; Gardere v. Columbian Ins. Co. 7 Johns. 519; Packard v. Hill, 7 Cow. 434, re-affirmed in 2 Wend. 411; Lincoln v. Battelle, 6 Wend. 484; DeSobry v. DeLaistre, 2 Harr. & Johns. 191; Church v. Hubbart, 2 Cranch. 228, and other cases cited in the notes to 1 Wharton on Ev. § 320; 1 Greenl. Ev. §§ 488, 514; Story's Confl. of Laws, § 643; 2 Phill. on Ev. (4th Am. Ed.) Chap. 5, § 4, p. 416 *et seq.;* and in note to 8 Andrews v. Herriott, 4 Cow. 526.

The usual and proper, if not the only, modes of authentica-

ting foreign judgments, as stated by Ch. J. Marshall in Church v. Hubbart *supra*, and recognized by the other authorities; 1 Grenl. § 514, and Story's Confl. § 641, are either by an exemplification under the great seal, or by a copy proved to be true by a witness who has personally compared it with the original record in the proper custody, or by the certificate of an officer authorized by law, which certificate must itself be properly authenticated, by proving the signature of the certifying officer and the genuineness of the seal affixed; 3 Johns. 310; 7 Id. 519; 4 Cow. 526, note 8; 6 Wend. 484; 4 Rawle, 171; 1 Paine's R. 613; 2 Phill. Ev. *supra;* or, if the court has no seal, by proof of that fact and of the signature and authority of the certifying officer. Packard v. Hill, 7 Cow. 434, and 2 Wend. 411; Talcott v. The Delaware Ins. Co. 2 Wash. C. C. Rep. 449; Buttrick v. Allen, 8 Mass. 273.

In the case at bar the judgment was not so proved. The paper offered as a copy was not verified by an oath or such a seal as proved itself, nor was there any proof *aliunde* of its genuineness, or of the signature or official character and authority of either of the persons certifying.

It was suggested by counsel that the authentication was sufficient under our statute (R. S. 1874, p. 490, § 13), but we hold otherwise, for the reason, if it were in other respects sufficient, which we do not decide, that the certificate of the registrar does not contain a statement that "he is the keeper of the records of the court," as required by § 16 of the same act.

This document, then, was not admissible as evidence of the judgment relied on, and since the record shows no other tending to prove that appellees, Murphy and Stuart, or either of them, ever had possession of the demised premises, or of the corn in question, or any right or interest therein, it follows that they were misjoined as plaintiffs, and this was fatal to the action. Murphy v. Orr, 32 Ill. 492.

The judgment of the Circuit Court is therefore reversed, and the cause remanded.

Reversed and remanded.