**Rosie Kreda, Plaintiff in Error, v. Abraham Kreda, Defendant in Error.**

**Gen. No. 33,650.**

Opinion filed January 6, 1930.

SLOTTOW & LEVITON, for plaintiff in error; DAVID PALEY, of counsel.

GABEL & GABEL, for defendant in error; HARRY P. GABEL, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Rosie Kreda filed her bill of complaint against her husband, the defendant, for separate maintenance. The defendant filed a plea in which he set up that several years prior to the filing of the bill in the instant case, a decree was entered in Russia dissolving the marriage between the parties. The case was heard upon the bill and plea. The court found that a decree of divorce had been entered in Russia as pleaded and dismissed complainant's bill for want of equity.

The defendant, over objection, offered in evidence a document in the Russian language, which it is said was a decree of divorce entered on the petition of the wife in Russia in 1911, dissolving the marriage relation. There was also offered in evidence a document which purports to be a translation of the alleged decree of divorce from the Russian into the English language. No one testified that the translation was a correct translation and without someone testifying under oath or affirmation that the translation was correct, it was inadmissible in evidence. As we said in the case of *City of Chicago v. Donaldson,* 227 Ill. App. 611 (number 27,229, not reported), "We know of no way of proving matters in a court of record in this State except under oath or affirmation. There was no oath or affirmation so far as the child was concerned. Testimony given in a case in court must have the sanction of an oath. 1 Greenleaf on Evidence (16th Ed.), sec. 328; 3 Wigmore on Evidence, sec. 1824; *R. v. Brasier,* East, Pl. Cr. 1–443."

In *Loehde v. Glos*, 265 Ill. 401, the court said (404):
"The system of laws and judicial proceedings had always permitted the admission in evidence of testimony or depositions or instruments in a foreign language. Instruments in a foreign language may be the very foundation and basis of rights, and such instruments are always admitted in evidence in the courts, with testimony explanatory of their proper meaning in English."

An examination of the record discloses the fact that the decision of the chancellor was based on the alleged decree of divorce and since it was improperly admitted in evidence, the decree must be reversed.

A further point is made by the complainant that the decree was not admissible in evidence on the ground that it was not properly authenticated, and authorities are cited to this point. Although this went to the entire case of the defendant, his counsel, in his brief filed here, makes no answer to the argument. Such an argument as has been filed is of no assistance to the court in arriving at a correct decision. This was a vital point in the case and it was the duty of counsel to answer the contention of the other side. An examination of the authorities cited by counsel for the complainant leads us to the conclusion that the decree was improperly authenticated. *Thompson v. Mason*, 4 Ill. App. 452, and authorities there cited.

Complainant offered evidence to the effect that she knew nothing of the alleged divorce decree entered in Russia until several years after it was contended the decree had been entered; that she did not appear before the rabbi nor did she file a petition in any court. Other evidence was offered on her behalf tending to show that the defendant had procured the alleged decree of divorce through fraud on his part.

The defendant gave testimony to the effect that the complainant had been the moving cause and that there was no fraud, but apparently the court ignored this

phase of the case and decided it on the foreign decree. Obviously, if the testimony offered on behalf of the complainant was true, the decree was void, even if it had been proven that the decree was properly authenticated. *Mount v. Scholes,* 120 Ill. 394; 34 C. J., page 1170. For the reasons stated above, the decree of the superior court of Cook county is reversed and the cause is remanded.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.