## N. Y. SUPERIOR COURT.

JEAN TOULANDOU agt. AUGUSTUS LACHENMEYER.

The *statute of limitations* of another state, in which the cause of action arises, is not available as a defense in this state. If six years have not elapsed since the statute of this state began to run the right of action is not barred.

If the statute of limitations was admissible as evidence of a defense here, it could not be proved by *parol*.

*General Term, January,* 1869.

Action for money lent and advanced, and goods sold and delivered in the city of New Orleans, state of Louisiana, during the years 1858, 1859 and 1861.

Defense, statute of limitations of the state of Louisiana.

On the trial, a witness for the defendant testified that he was a practicing lawyer in New Orleans, and acquainted with the laws of Louisiana. He was then asked the following question : " What is the law of Louisiana with regard to prescription or limitation of actions for goods sold and delivered and money loaned ?

The question was objected to, and excluded by the court, and the defendant excepted.

The plaintiff had a verdict, and the defendant appealed, and also from an order made at special term denying a motion for a new trial.

LAUTERBACH & SPINGARN, *for appellant, defendant.*

H. MORRISON, *for respondent, plaintiff.*

*By the court,* MONELL, J. The statute of the state of Louisiana, in which state the cause of action in this case arose, limiting the time for bringing actions, is not available as a defense, in the courts of this state (*Ruggles* agt. *Keeler,* 3 *John. R.,* 263). It is therefore immaterial, that by the laws

of that state, the right of action would be lost. If six years have not elapsed since the statute of our own state began to run, the right of action is not barred.

The evidence offered of the Louisiana statute was therefore properly excluded.

The manner of proving such statute was also objectionable. The defense was the "*statute* of limitations" and, although the question which was overruled admitted of an swer, proving the existence in that state of some common law bar, recognized by the courts of that state, yet, under the answer, the *statute* was the only bar which could properly be proved; and the attempt was to prove such statute by *parol*. That probably could not be done. Until a recent period, such laws could be proved in our courts *only* by a copy properly exemplified by the officer having the custody of them—at least such seems to be the current authority (*Packard* agt. *Hill*, 2 *Wend.*, 411; *Thomas* agt. *Robinson*, 3 *id.*, 267).

In 1848, a statute was passed in this state, allowing the printed volumes of the statute laws of any other of the United States, to be admitted in our courts as *prima facie* evidence of such laws (*Sess. Laws*, 1848, *chap.*, 312).

The question was therefore properly overruled, and judgment should be affirmed.

JONES and FITHIAN, JJ., concurred.