CLEANTHUS S. WILCOX, Administrator, etc., Respondent, *v.* SUSAN M. CORWIN et al., Executors, etc., Appellants.

A promissory note delivered to the payee by the maker for a consideration, is an original and direct promise moving from the maker to the payee, having its first inception when so delivered.

The payee, therefore, is not a successor to the title or interest of the maker within the provision of the Code of Civil Procedure (§ 829), excluding a person from, through or under whom a party derives his title or interest, from testifying as a witness "in behalf of the party succeeding to his title or interest against the executor * * * of a deceased person * * * concerning a personal transaction or communication between the witness and the deceased person."

Where, therefore, in an action upon a promissory note purporting to have been made by two joint and several makers, one of them since deceased, the defense interposed by his executors was that his signature to the note was a forgery, *held,* that the other maker was not prohibited by said provision from testifying as a witness, on the part of the plaintiff, to personal transactions with the deceased, showing that he signed the note.

But *held,* that as it was the interest of the witness to make his co-defendant liable jointly with him, and as his testimony had that effect, in the absence of evidence that the decedent was a surety for the witness, or that as between themselves the former was not liable to contribute, it was inadmissible under the provision (§ 829) excluding a person from testifying in his own behalf or interest as to such transactions.

*Wilcox* v. *Corwin* (50 Hun, 425) reversed.

(Argued October 29, 1889; decided December 17, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 10, 1888, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*Gilbert O. Hulse* for appellants. Upon the trial of an action a party or a person from, through or under whom such a party derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest or in behalf of the party succeeding to his title or interest against the executor. (Code Civ. Pro. § 829;

*Mattoon* v. *Young*, 45 N. Y. 696; *People* v. *Wiley*, 3 Hill, 194; *People* v. *Book*, 91 N. Y. 5–17.) Wheeler was a person interested in the event, and, therefore, incompetent. (1 Greenl. on Ev. §§ 390, 395; *Marshall* v. *Thrailkill*, 12 Ohio, 275; *Ripley* v. *Thompson*, 12 Moore, 55; *Brown* v. *Brown*, 4 Taunt. 752; *Maut* v. *Mainwaring*, 8 id. 139; *Latham* v. *Kenniston*, 13 N. H. 203; *C. M. Co.* v. *Dutch*, 13 Pick. 125; *Marquand* v. *Webb*, 16 Johns. 89; *Hunter* v. *Merrick*, 26 Hun, 272; 92 N. Y. 626; *Pierce* v. *Kearney*, 5 Hill, 82.) If the deceased can be regarded as surety for Wheeler, then Wheeler was an incompetent witness as held by this court. (*Miller* v. *Montgomery*, 78 N. Y. 285; *Church* v. *Howard*, 79 id. 420.) The testimony of the plaintiff as to personal transactions and communications with the deceased were improperly admitted. (*Corning* v. *Walker*, 100 N. Y. 547, 549; *Sherman* v. *D., L. & W. R. R. Co.*, 106 id. 542, 547.) It is submitted that section 829 of the Code was introduced to benefit cases like the one at bar; that its provisions should be liberally construed and made to cover all cases where death has closed the lips of one of the parties. (*Price* v. *Price*, 33 Hun, 69; 98 N. Y. 623; *Nay* v. *Curley*, 113 id. 581.) Plaintiff should not have been permitted to contradict Mrs. Corwin. (*Corning* v. *Walker*, 100 N. Y. 547; *Holcomb* v. *Holcomb*, 95 id. 325, 326; *Simmons* v. *Havens*, 101 id. 427; *Garey* v. *White*, 59 id. 336.)

*William F. O'Neill* for respondent. To hold that one of two joint, or joint and several makers of a note, cannot be called by plaintiff when they are sued upon the same, to establish the execution of the note when one of the makers is dead, is to establish a new rule of evidence and give to section 829 of the Code a construction contrary to its very import. (*Converse* v. *Cook*, 31 Hun, 417; Code Civ. Pro. § 829; *Sanford* v. *Ellithorp*, 95 N. Y 48.) The testimony adduced by the plaintiff fell within the general exception to section 829 of the Code, and was, therefore, competent. (*Miller* v. *Montgomery*, 78 N. Y. 283.)

DANFORTH, J. The action was brought by Ruana Wilcox, as plaintiff, upon a note purporting to be made by Melvin J. Wheeler and James Corwin, in these words:

" $400.          MIDDLETOWN, *January* 10, 1881.

" One year after date we, or either of us, promise to pay to the order of Ruana Wilcox, four hundred dollars ($400) for value received, with interest.

" M. J. WHEELER.<br>" JAMES CORWIN."

Wheeler made default. Afterwards the plaintiff and James Corwin died, and the action was continued in the name of Cleanthus S. Wilcox, as administratrix of Ruana Wilcox, against the executors of Corwin, and they answered. The issue formed by the pleadings, and the only inquiry upon the trial, was whether the name of James Corwin upon the note was his signature. As to that the opinion of witnesses differed, and the only testimony going directly to the point was that of Wheeler, the co-maker of the note. He was called by the plaintiff and testified that he saw Corwin sign the note, and that he, the witness, then took it to the plaintiff's intestate and obtained the money on it. That afterwards, in January, 1883, he went with Corwin to see Wilcox in relation to its payment, and, in the presence of Corwin, had a conversation which, as the witness gave it, might fairly be construed as a recognition of the note by Corwin as genuine and as an outstanding liability. The jury found for the plaintiff. The evidence of Wheeler justified that result, but it was distinctly objected to by the defendants as violating the provision of section 829 of the Code of Civil Procedure, relating to evidence in particular cases, and the exception to its admission presents the material question upon this appeal.

In general, a person is not to be excluded as a witness either because he is interested in the event of the action or because he is a party thereto (Code, § 828), but a witness so affected cannot " be examined in his own behalf or interest, or in behalf of the party succeeding to his title or interest against the

executor * * * of a deceased person, * * * concerning a personal transaction or communication between the witness and the deceased person." Upon both occasions testified to by Wheeler the defendants' testator was acting at the request of the witness, and possibly — though this is not clear — for his benefit. There can be no doubt, therefore, that the subject of his testimony was a personal transaction with the deceased, and that his examination was against the executors of that deceased person. The point chiefly discussed by the appellant and the court below is whether the plaintiff, who was seeking to collect the note, was doing so as a successor " to the title or interest" of the witness. It should be kept in mind that the ownership of the strip of paper, as an article of merchandise or property, was not in controversy between the parties. The action was to enforce the promise written upon the paper. By its very terms it ran to the plaintiff and represented an obligation or debt to her, to be performed or paid to her or upon her order. In the hands of the maker, although in the form of a promissory note, it had no existence as such, or value, nor was it available to any one. It was not good to the maker, for it was his own promise ; it was not good to the payee, for it was undelivered, and to make it good in the hands of any other person required both indorsement by the payee and delivery. To the promise written on the paper the witness never had title or legal interest. It was never intended by any person that he should have. It was prepared for delivery to the plaintiff in completion of a transaction. That transaction was a loan of money on the part of the plaintiff, and the note was evidence of it and of the borrower's agreement to repay the money loaned. The plaintiff did not intend to purchase a note, nor did he do so ; nor did the makers of the note have it for sale. When delivered to the payee the promise became effective, and it then, and not before, became a chose in action, valid and effective, but the title in the payee, the plaintiff, was original and not derivative. She never made, or could make, any title by its purchase or through an assignment. The note was an original and direct

promise, moving from the maker to the payee, and its first inception was when, for a consideration, it reached her hands. There never was a time when Wheeler could have maintained an action upon it, nor had it any validity until the makers passed it over to the payee. (*Bullard* v. *Bell,* 1 Mason, 243 ; *Thompson* v. *Perrine*, 106 U. S. 589.) To the same effect is *Kitchel* v. *Schenck* (29 N. Y. 515); and later *Comstock* v. *Hier* (73 id. 269), where it was held that the maker of a note negotiating his own paper, or procuring the same to be discounted, is not an assignor of the note, but by the transaction assumes the ordinary obligation of a party to negotiable paper as maker of a note, and that the transaction is an original transaction with the party taking the note. It was, therefore, decided, under section 399 of the Code, then in force (corresponding to the present section 829), that the indorser was a competent witness to show the transaction between himself and the makers of the note, although one of those makers had in the meantime died. To the same effect, and perhaps more exactly in point, is *Converse* v. *Cook* (31 Hun, 417).

So far we agree with the court below, but there is another aspect in which the objection before us is to be viewed. It does not appear that Corwin was a surety for Wheeler, nor but that, as between themselves, each was liable to contribute to the payment of the note. It was, therefore, as the case is now presented, the interest of Wheeler to render his co-defendant liable as well as himself, and his testimony, if admissible, proved that fact, viz., the joint liability of the defendants, and consequently the duty of contribution between Corwin and himself. Under these circumstances he was incompetent under the provisions of the Code, which excludes a person so situated from being examined in his own behalf or interest. (§ 829 of Code, *supra; Hunter* v. *Herrick*, 26 Hun, 272; affirmed in Ct. of App. 92 N. Y. 626.)

The same section (829) is relied upon to sustain an exception to evidence given by the plaintiff. It is sufficient to say that the defendant first gave evidence concerning the matter to which the plaintiff afterwards testified, and within the

language of the same statute the prohibition ceased to have effect. . But for the error adverted to in receiving testimony from Wheeler the appeal succeeds.

It follows that the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except Ruger, Ch. J., not voting.

Judgment reversed.