65h 17
67 AD 428

BERNARD BEER, Plaintiff, v. LIONEL SIMPSON, Defendant.

*Statute of limitations — pleaded in an action on a foreign judgment — the* lex *fori controls.*

The plea of the statute of limitations, interposed in an action founded upon a judgment of the court of another State, goes to the remedy only, and the *lex fori* governs all questions presented thereby.

Submission of a controversy, without action, between Bernard Beer, as plaintiff, and Lionel Simpson, as defendant.

*Goff & Pollock*, for the plaintiff.

*M. Newburg*, for the defendant.

Patterson, J.:

The question arising on this record is presented for determination on an agreed statement submitted under section 1279 of the Code of Civil Procedure. It appears that on the 22d day of December, 1883, one Pohalski recovered a judgment against the defendant in the District Court of Colorado, for the county of Arapahoe, that being a court of record, for the sum of $1,761.20, on which judgment execution was issued within one year from the entry thereof, which execution was returned unsatisfied. The judgment was subsequently assigned to the plaintiff. The defendant is now and for upwards of seven years last past has been a resident and citizen of the State of New York, but when he became such or whether he was such at the date of the entry of the judgment is not stated, nor does it appear that the plaintiff is a resident of this State. The question submitted for decision is: Does the statute of limitations of the State of Colorado prevent a recovery in an action on the judgment in this State? By statutes of Colorado enacted in the year 1891, it is provided, concerning the limitation of time within which actions may be brought in the courts of that State, as follows, viz.:

" Section 2900. The following actions shall be commenced within six years next after the cause of action shall accrue, and not after-

wards. First. All actions of debt founded upon any contract or liability in action. Second. All actions founded upon judgments rendered in any court not being a court of record. Third. All actions for arrears of rent. Fourth. All actions of assumpsit or on the case founded on any contract or liability express or implied. Fifth. All actions for waste and trespass upon land. Sixth. All actions of replevin and all other actions for taking, detaining or injuring goods and chattels. Seventh. All actions on the case except for slanderous words and for libels." It is further provided by section 2529 of the said statutes, in substance, that all the goods, chattels and real estate of any person against whom a judgment shall be obtained in any court of record, either at law or in equity, for any debt, damages or costs shall be liable to be sold on execution. and the judgment shall be a lien on real estate for seven years from the last day of the term of the court in which the judgment is rendered; provided, however, that execution be issued within a year after the entry of the judgment, "and after the said seven years the same shall cease to be a lien on any real estate as against *bona fide* purchasers or subsequent incumbrancers by mortgage, judgment or otherwise." There is printed in the record a provision of an act of 1883 which limits the duration of the judgment-lien to six years, but that was changed to seven years by the act of 1891, It is also provided by the laws of the State of Colorado that a judgment recovered in a civil action may be revived by filing a petition in which shall be alleged the time the judgment was recovered, that it remains unsatisfied in whole or in part, and stating the amount the judgment should be revived for and verifying it as complaints in actions are verified. Upon filing such a petition an order to show cause is issued, upon the return of which the defendant may appear and answer as in an action, "and the court shall try and determine any issue so formed the same as any issues made by pleadings are required to be tried and decided and hear any evidence necessary to decide the matter." It is further provided that if the court decide to revive the judgment, an order to that effect shall be made and attached to the original files in the cause; an entry thereof made in the judgment-docket and book, "and if the petition is filed before the liens created by the original judgment have expired and the transcript of the entry is filed, etc., all rights under such

judgment shall continue and execution may issue on such revived judgment the same as on the original judgment."

It is set forth in the agreed statement that no further or other laws of Colorado have been found bearing on the question submitted, and no judicial decisions of the tribunals of that State have been cited or referred to.

It is claimed by the defendant that, under the provisions of the laws of Colorado above referred to, "the judgment is dead, barred and non-enforcible" and cannot form the basis of an action either in that jurisdiction or this. That an action, as distinguished from the proceeding for revival by *scire facias*, would not lie upon it in Colorado is plain, and results from the first clause of section 2900 above quoted. Although judgments of courts of record are not mentioned in terms, yet actions of debt are barred in six years. In these statutes the several kinds of actions coming within their operation are referred to by their common-law designation, and under common law pleading debt was the appropriate form of action on a judgment (*Andrews* v. *Montgomery*, 19 Johns., 165; citing 1 Chitty, 94, etc.), the cause of action being one arising on a record. The effect of the six years' bar is not, however, that contended for by the defendant. Although an action cannot be maintained on the judgment after six years, yet the lien by express provision continues one year longer and the judgment may be revived, not necessarily within six or seven years, but if within the longer period, certain rights are preserved to the judgment-creditor. It is not true, therefore, that at the end of six years the judgment is a nullity and all rights under it terminated, but the duration of the lien is not important in this case, as the legislation extending the term from six to ten years was after the expiration of the lien of this judgment.

But it is urged by the defendant that whatever pleas would be good in an action on the judgment, if brought in Colorado, would be equally available to defeat an action on it brought here; but, as was held in *McElmoyle* v. *Cohen* (13 Peters, 312), the plea of the statute of limitations to an action founded upon a judgment of another State goes to the remedy only and the *lex fori* prevails, and such is the settled law of this State. In *Miller* v. *Brenham* (68 N. Y., 83), suit was brought on a California judgment. The five

years' bar of the statute of limitations of that State was set up as a defense. The court said: "It is well settled in this State that a plea of the statute of limitations of the State or country where the contract is made is no bar to a suit brought in a foreign tribunal, and the *lex fori* governs all questions arising under that statute. (*Lincoln* v. *Battelle*, 6 Wend., 475; *Ruggles* v. *Keeler*, 3 Johns., 263; *Power* v. *Hathaway*, 43 Barb., 214; *Toulandou* v. *Lachenmeyer*, 37 How., 145.) As is said in *Scudder* v. *Union National Bank* (1 Otto, 406): Matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought." It is true that in these New York cases the actions were brought against non-residents, and that, so far as concerns that class of defendants, the rule is now changed by positive legislation. By section 390, Code of Civil Procedure, it is provided that where a cause of action, not involving title to or possession of realty within this State, accrues against a person then not a resident, an action thereon cannot be maintained against him or his personal representatives after the expiration of the time limited by the laws of his residence, except by a resident of the State, and in a case where the cause of action originally accrued in favor of a resident or where, before the time so limited, the person in whose favor the cause of action accrued was or became a resident or assigned the cause of action to a resident who continuously thereafter owned the same.

This provision of the Code does not alter the general rule. It merely relates to actions against non-residents upon claims barred by the law of the States in which they reside, and has no application here. It does not appear in the agreed statement that the conditions, as to residence of either of the parties or of the plaintiff's assignor, are or were such as to bring the case within section 390 of the Code of Civil Procedure, and we are not at liberty to draw any inferences of fact whatever. (*Fearing, etc.,* v. *Irwin*, 55 N. Y., 486.)

The plaintiff is entitled to judgment for $1,761.20 and interest, from December 22, 1883, and costs to be taxed.

Van Brunt, P. J., and O'Brien, J., concurred.

Judgment for plaintiff for $1,761.20, with interest, from December 22, 1883, and costs to be taxed.