## AULTMAN & TAYLOR CO. v. SYME.

### (Circuit Court of Appeals, Second Circuit. March 19, 1897.)

LIMITATION OF ACTIONS—NONRESIDENTS—ACTION ON JUDGMENT.

The New York Code of Civil Procedure provides (section 390) that when a cause of action, not involving the title to real property within the state, accrues against a person not then a resident of the state, an action cannot be brought thereon against him in a court of the state, after the expiration of the time limited by the laws of his residence for bringing a like action, except by a resident of the state in certain cases. *Held*, that the words "the laws of his residence" in such statute refer to the residence of the debtor at the time the cause of action accrues, and not at the time the action is brought, and accordingly that when a judgment has been recovered by one nonresident of New York against another, in the state of the latter's residence, and the judgment debtor afterwards removes to New York, no action on the judgment can be maintained against him there by the nonresident creditor, after the expiration of the period of limitation provided by the laws of the state where the judgment was recovered and where the debtor resided at the time of its recovery.

In Error to the Circuit Court of the United States for the Southern District of New York.

This is a writ of error by plaintiff below to review a judgment of the circuit court, Southern district of New York. Upon the trial verdict was directed for the defendant.

Wm. H. Blymzer, for plaintiff in error.

Edward F. Brown, for defendant in error.

Before PECKHAM, Circuit Justice, and LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The action was commenced June 25, 1895, by service of summons on the defendant in the city of New York. Plaintiff, an Ohio corporation, sued upon two judgments obtained by it against defendant in courts of record in Louisiana on January 27, 1885, and February 2, 1885, respectively. Defendant was a resident of the state of Louisiana at the time of the commencement of each of the actions on which said judgments against him were obtained, and was a resident there at the time of the entry of both of said judgments, but about one year thereafter he removed to New York, where he has since resided. He pleaded the statute of limitations in bar of plaintiff's claims.

The New York Code of Civil Procedure provides:

"Sec. 376 (Amended Laws 1877, c. 416; Laws 1894, c. 307). When Satisfaction of Judgment Presumed. A final judgment or decree for a sum of money, or directing the payment of a sum of money, heretofore rendered in a surrogate's court of the state, or heretofore or hereafter rendered in a court of record within the United States, or elsewhere, or hereafter docketed pursuant to the provisions of section thirty hundred and seventeen of this act, is presumed to be paid and satisfied, after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it. This presumption is conclusive, except as against a person who, within twenty years from that time, makes a payment or acknowledges an indebtedness of some part of the amount recovered by the judgment or decree, or his heir or personal representative, or a person whom he otherwise represents. Such an acknowledgment must be in writing, and signed by the person to be charged thereby."

"Sec. 390. Where a cause of action which does not involve the title to or possession of real property within the state, accrues against a person who is not then a resident of the state, an action cannot be brought thereon in a court of the state against him or his personal representative, after the expiration of the time limited by the laws of his residence, for bringing a like action, except by a resident of the state, and in one of the following cases: (1) Where the cause of action originally accrued in favor of a resident of the state. (2) Where, before the expiration of the time so limited, the person in whose favor it originally accrued was or became a resident of the state; or the cause of action was assigned to, and thereafter continuously owned by a resident of the state."

The statute of the state of Louisiana (Rev. Civ. Code, art. 3547) provides:

"Art. 3547. All judgments for money, whether rendered within or without the state, shall be prescribed by the lapse of ten years from the rendition of such judgments: provided, however, that any party interested in any judgment may have the same revived at any time before it is prescribed by having a citation issued according to law, to the defendant or his representative, from the court which rendered the judgment, unless the defendant or his representative shows good cause why the judgment should not be revived, and if such defendant be absent, or not represented the court may appoint a curator ad hoc to represent him in the proceedings, upon which curator ad hoc the citation shall be served. Any judgment revived, as above provided, shall continue in full force for ten years from the date of the order of court reviving the same, and any judgment may be revived as often as the party or parties interested may desire."

Neither the plaintiff nor any party interested had taken any action or legal proceedings whatsoever to have said judgments revived. The New York Code of Civil Procedure further provides:

"Sec. 1913. Action upon Judgment Regulated. Except in a case where it is otherwise specially prescribed in this act, an action upon a judgment for a sum of money, rendered in a court of record of the state, cannot be maintained, between the original parties to the judgment, unless either: (1) It was rendered against the defendant by default, for want of an appearance, or pleading, and the summons was served upon him, otherwise than personally; or (2) the court in which the action is brought has previously made an order granting leave to bring it. Notice of the application for such an order must be given to the adverse party, or the person proposed to be made the adverse party, personally, unless it satisfactorily appears to the court, that personal notice cannot be given, with due diligence; in which case, notice may be given in such a manner as the court directs."

It would seem, therefore, that upon these judgments obtained in Louisiana, not being rendered in a court of record of the state of New York, action could have been commenced forthwith against the defendant in this state if found here. "As a general rule, a party has a right to sue on any cause of action which he holds. Any statutory exception to that right must be distinctly expressed. The language of the section above cited (section 71, Old Code Civ. Proc.) does not distinctly or by implication include judgments recovered in courts other than of this state. Nor do we think the policy of the statute applies to any others." Vulcanite Co. v. Frisselle, 22 Hun, 174; Morton v. Palmer (Sup.) 14 N. Y. Supp. 912. The cause of action against defendant on these two judgments, therefore, accrued as soon as they were entered.

The sole question presented here is one of construction of section 390, supra, viz.: Do the words "expiration of the time limited by the

laws of his residence" refer to the laws of the state where he resides when the action is brought or of the state where he resided when the cause of action accrued? The answer to such a question should be looked for in the decisions of this state. The section makes its first appearance in the Code of Civil Procedure. The Old Code contained no such provision. Until section 390 took effect, the statute of limitations of another state was no bar in this state, although the cause of action accrued in the other state and the parties were residents thereof until the statute had run. The manifest intention of the section was to provide that except where the interests of residents of this state were believed to require a different rule, which is embodied in the exceptions, our courts should not be used to enable a nonresident to commence an action here, when the cause of action accrued elsewhere, and has been completely barred by the laws of the parties' common domicile. Throop's notes to Code Civ. Proc. p. 160. The plaintiff refers to Beer v. Simpson, 65 Hun, 20, 19 N. Y. Supp. 578, but in that case it is stated in the opinion that it did not appear whether, when the Colorado judgment there sued on was entered, defendant was a resident of Colorado or of New York. Therefore, since he was a resident of New York when the action was brought, the statute of limitations of the latter state only applied. "It does not appear," says the court, "that the conditions, as to residence of either of the parties, * * * were such as to bring the case within section 390." The defendant refers to Howe v. Welch, which is reported in its successive stages in 2 How. Prac. (N. S.) 507, 3 How. Prac. (N. S.) 465, and 3 N. Y. St. Rep. 577. The final decision is by the general term of the New York common pleas, which holds that "the sole question to be tried was whether or not, in a court of the state of Iowa, an action against the defendant upon the note would have been barred by the statute of limitations of Iowa." And the opinion concludes: "If the debt were barred by the statute of Iowa, no action could be maintained in a court of this state; but, if the debt were not barred in Iowa, the statute of limitations of the state of New York might nevertheless been a bar in this action." In that case the cause of action accrued to one Gregg in February, 1869. Gregg was a resident of Ohio. He, and his Ohio executors after his death, held it till August, 1884, when the latter assigned to plaintiff, a resident of New York, who began suit in September, 1884. Defendant was a resident of Missouri when the cause of action accrued. Three years afterwards he removed to Iowa, where he resided over 10 years, and then removed to New York. In Goldberg v. Lippmann (City Ct. N. Y.) 25 N. Y. Supp. 1003, action was brought upon a note made by defendant to the order of plaintiff, and dated, "Denver, August 27, 1883." It does not appear whether or not defendant was then a resident of Denver, but when sued on the note in November, 1892, he averred a continuous residence in New York for more than six years prior to the commencement of the suit. The trial court refused to let him make proof of this averment, ruling that the law of Colorado, and not of New York, was applicable. It was sought to sustain this ruling, on appeal to the general term of the city court, by reference to section 390; but that court reversed, holding that the section "applies to a nonresident defendant sued here to

enable him to avail of his residence in the foreign state during the period of limitation there, as a defense in the action against him here." So far as we have been able to find, there is no adjudication in the state courts directly in point, and we are therefore left to find the meaning of the section in the language used. The use of the phrase "not then a resident of the [this] state" seems plainly to import that the person referred to thereafter becomes such resident. If this be so, and the phrase "laws of his residence" be construed to refer to the laws of such subsequent residence only, the enactment would be superfluous. As pointed out in Howe v. Welch, supra, he could avail of the statutes of this state by virtue of his residence here without any such provision. It seems to us very clear that the words "laws of his residence" apply to the residence already referred to, namely, his residence when the cause of action accrued. No reasons of public policy seem to call for any other interpretation. The rights of resident creditors are fully safeguarded by the exceptions, and there is nothing extraordinary or objectionable in a provision that when a cause of action arises between nonresidents of this state, and the laws of the state where it arose give it but a limited lifetime, which has expired, the removal of one of the parties into this state, to become a resident thereof, shall not operate to revive the cause of action in favor of the nonresident. The judgment of the circuit court is affirmed.