(21 Misc. Rep. 568.)

In re CONGDON'S ESTATE.

(Surrogate's Court, Otsego County. November, 1897.)

TRANSACTION WITH DECEDENT—COMPETENCY OF WITNESS.

In a proceeding to allow, as a claim against the estate of a decedent, a note of which decedent was a joint maker, the surviving joint maker, who was also the executor of such estate, was incompetent as a witness, under Code Civ. Proc. § 829, to prove a personal transaction between him and decedent, without which proof such claim was barred by the statute of limitations as against the estate, as it was for his interest to have such claim established.

Proceeding by A. W. Congdon, as executor, to sell real estate of his decedent, John Congdon, for the payment of his debts, including a joint note made by decedent and such executor to one Thomas Tafft, which was claimed by Charles Congdon and others interested in said estate to be barred by the statute of limitations. Claim disallowed.

Charles T. Brewer, for A. W. Congdon.

L. S. Henry, for Charles Congdon and others.

N. P. Willis, for Thomas Tafft.

ARNOLD, S. This is a proceeding to sell the real estate of the late John Congdon for the payment of his debts. The executor is the son of the decedent. During the lifetime of the decedent, he and his son, the present executor, executed and delivered their joint note to one Tafft. Since the death of John Congdon this note has been presented to the executor, and allowed by him in this proceeding as a claim against this estate. The allowance of the claim is objected to by the other persons interested in the estate, on the ground that the claim is barred by the statute of limitations as against the estate of John Congdon. To take the claim out of the statute as against this estate, the claimant Tafft called the surviving joint maker of the note, who is also the executor of this estate, as a witness in behalf of Tafft, and offered to prove by the witness that in 1892 witness went to his father, and told him that the interest was due on this note, and that they would have to pay it; that at that time his father gave him $12 to pay on the note, and that he did pay the same to Tafft, the holder of the note. This evidence was objected to under section 829, Code Civ. Proc. It appeared from the testimony of Arthur Congdon that the consideration for this note was a joint liability, for the payment of which each was to contribute equally. It would seem to be the general rule that the survivor of one of two joint makers of a note is a competent witness to prove transactions with his deceased co-maker; but, like all general rules, this one seems to have its exceptions and qualifications. One exception to this general rule is that, if it is to the interest of the witness to make his co-maker liable, then the prohibitions of the statute apply. As was said by the court of appeals in Wilcox v. Corwin, 117 N. Y. 500, 504, 23 N. E. 165, 166:

"So far we agree with the court below, but there is another aspect in which the objection before us is to be viewed. It does not appear that Corwin was

a surety for Wheeler, nor but that, as between themselves, each was liable to contribute to the payment of the note. It was, therefore, as the case is now presented, the interest of Wheeler to render his co-defendant liable as well as himself, and his testimony, if admissible, proved that fact, viz. the joint liability of the defendants, and 'consequently the duty of contribution between Corwin and himself. Under these circumstances, he was incompetent, under the provisions of the Code, which excludes a person so situated from being examined in his own behalf or interest."

In the case at bar, Arthur Congdon's testimony, if admissible, establishes the fact of the joint liability of himself and his father on this note, and the duty of contribution between them. Without his testimony, the statute of limitations is a bar to this claim as against this estate, and he remains solely liable to pay the same. It is, therefore, for his interest to have the claim established in this proceeding. I think that within the decision in 117 N. Y., 23 N. E., this evidence is not admissible. See, also, Headley, Witnesses, p. 87, § 35. Without the testimony of Arthur Congdon, this claim is barred by the statute of limitations as against this estate, and must, therefore, be disallowed. A decree may be entered accordingly.

Decreed accordingly.