In the Matter of the Estate of JOHN CONGDON, Deceased, in Proceedings to Sell Real Estate for the Payment of Debts.

(Surrogate's Court, Otsego County, November, 1897.)

When a surviving joint debtor cannot testify to a payment, upon a note, made at the request of a deceased joint debtor — Code Civil Procedure, § 829.

Where the consideration of a note is a liability, to the payment of which two persons are jointly and equally liable to contribute, the surviving maker is incompetent, under Code of Civil Procedure, § 829, to prove, with a view to avoid the Statute of Limitations, otherwise a bar to the claim, a payment of interest upon the note made to the holder by the witness and furnished, as he states, by the deceased maker, as it is to the interest of the survivor to make the estate of the deceased maker liable and, to that extent, diminish his own existing liability.

PROCEEDINGS to sell decedent's real estate for the payment of his debts.

Charles T. Brewer, for A. W. Congdon, as executor of John Congdon.

L. S. Henry, for Charles Congdon and others.

N. P. Willis, for Thomas Tafft.

ARNOLD, S.    This is a proceeding to sell the real estate of the late John Congdon for the payment of his debts.    The executor is the son of decedent.

During the lifetime of the decendent, he and his son, the present executor, executed and delivered their joint note to one Tafft. Since the death of John Congdon this note has been presented to the executor and allowed by him in this proceeding as a claim against this estate.    The allowance of the claim is objected to by the other persons interested in the estate, on the ground that the claim is barred by the Statute of Limitations as against the estate of John Congdon.    To take the claim out of the statute as against this estate, the claimant Tafft called the surviving joint maker of the note, who is also the executor of this estate, as a witness in behalf of Tafft, and offered to prove by the witness that in 1892, witness went to his father and told him that the interest was due

on this note and that they would have to pay it. That at that time his father gave him $12 to pay on the note, and that he did pay the same to Tafft, the holder of the note. This evidence was objected to under section 829, Code Civil Procedure.

It appeared from the testimony of Arthur Congdon that the consideration for this note was a joint liability, for the payment of which each was to contribute equally. It would seem to be the general rule that the survivor of one of two joint makers of a note is a competent witness to prove transactions with his deceased comaker; but like all general rules, this one seems to have its exceptions and qualifications. One exception to this general rule is, that if it is to the interest of the witness to make his comaker liable, then the prohibitions of the statute apply. As was said by the Court of Appeals in Wilcox v. Corwin, 117 N. Y. 500, page 504: "So far we agree with the court below, but there is another aspect in which the objection before us is to be viewed. It does not appear that Corwin was a surety for Wheeler, nor but that, as between themselves, each was liable to contribute to the payment of the note. It was, therefore, as the case is now presented, the interest of Wheeler to render his codefendant liable as well as himself, and his testimony, if admissible, proved that fact, viz., the joint liability of the defendants, and consequently the duty of contribution between Corwin and himself. Under these circumstances, he was incompetent under the provisions of the Code, which excludes a person so situated from being examined in his own behalf or interest."

In the case at bar, Arthur Congdon's testimony, if admissible, establishes the fact of the joint liability of himself and his father on this note, and the duty of contribution between them. Without his testimony the Statute of Limitations is a bar to this claim as against this estate, and he remains solely liable to pay the same. It is, therefore, for his interest to have the claim established in this proceeding.

I think that within the decision in 117 N. Y. this evidence is not admissible. See, also, Headley on Competency and Rights of Witnesses, 87, § 35.

Without the testimony of Arthur Congdon, this claim is barred by the Statute of Limitations as against this estate, and must, therefore, be disallowed.

A decree may be entered accordingly.

Decreed accordingly.