HIXSON v. RODBOURN.

(Supreme Court, Appellate Division, Third Department. December 31, 1901.)

1. PARTNERSHIP—SURVIVING PARTNER—FIRM LIABILITY—WITNESSES — COMPE-
TENCY.

A surviving partner, who is liable on a firm note, is a "person inter-
ested" in the event in an action on the note, within Code Civ. Proc.
§ 829, prohibiting a person interested in the event, though not a party,
from being examined as a witness in his own behalf or interest against
the representative of a deceased person.

2. SAME—LIMITATIONS—PARTIAL PAYMENT.

Where a partnership is closed and dissolved, one partner cannot bind
the other by a partial payment on a firm note, so as to take the debt
out of the statute of limitations, without authority.

3. SAME—WHAT LAW GOVERNS.

Where a nonresident creditor of a firm which had been dissolved sues
the administrator of a deceased partner on the firm debt in New York,
the statutes relating to limitations in New York govern.

4. SAME.

Where the statute of limitations against a partner's liability for a firm
debt had been suspended by reason of his nonresidence, it cannot be con-
tended, in an action thereon against the administrator of a deceased
partner, that the surviving partner is a competent witness, being devoid
of interest in the outcome of the suit, to testify against his deceased
partner, on the ground that limitations had run.

Appeal from special term, Chemung county.

Action by Adelaide Hixson against James H. Rodbourn, as ad-
ministrator of the estate of Joseph Rodbourn, deceased. From a
judgment in favor of plaintiff (72 N. Y. Supp. 42), defendant appeals.
Reversed.

Argued before PARKER, P. J., and HOUGHTON, EDWARDS,
SMITH, and CHASE, JJ.

Dailey & Bentley (S. S. Taylor, of counsel), for appellant.
Reynolds, Stanchfield & Collin (Richard H. Thurston, of counsel),
for respondent.

HOUGHTON, J. The action is upon a promissory note made by
Hixson, Rodbourn & Co. for $1,000, dated July 1, 1884, payable to
the plaintiff six months after date. The firm of Hixson, Rodbourn
& Co. was a copartnership composed of plaintiff's husband, Amos S.
Hixson, and defendant's intestate, Joseph Rodbourn. It was formed
about 1878, and carried on business at Van Ettenville, in this state,
where the note was given, and where, by its terms, it was payable.
It was conceded on the trial that the actual business of the copartner-
ship was closed in 1885, the firm assets divided, and "the business un-
der the partnership dissolved." The plaintiff proved that some of the
assets were not collected as late as 1892, and claimed that the note
in suit was still an outstanding obligation of the firm. Joseph Rod-
bourn died on the 22d day of December, 1894. Amos S. Hixson, the
surviving partner, and this plaintiff, in 1887 removed to the state of
Kentucky, and both have since that time been nonresidents of this
state. The existence of the copartnership was admitted by the an-
swer. The complaint alleged that interest had been paid upon the

note to January 1, 1890. The answer denied this, but the trial court found that interest had been thus paid. There was no evidence, however, of this fact to sustain such finding, and the liability of defendant's intestate turns upon the fact as to whether a payment on the note of $25, made by his former partner, Hixson, April 30, 1892, was binding upon him. The only testimony introduced upon the trial was that of Amos S. Hixson, taken by deposition. Upon its face the note was outlawed long before the death of Rodbourn, and the defendant pleaded the statute of limitations. To avoid this, against the objection of defendant that the witness was disqualified under section 829 of the Code of Civil Procedure, the plaintiff was allowed to prove by the surviving partner, Hixson, that in April, 1892, he made a payment on the note from assets of the firm collected by him of $25, with the consent and by the direction of Rodbourn.

We think the trial court erred in holding that the surviving partner was not a person interested in the event of the action, and in holding that he was competent to testify to personal transactions with his deceased partner for the purpose of fastening liability upon his estate. Section 829 of the Code of Civil Procedure provides that a person interested in the event, though not a party, shall not be examined as a witness, in his own behalf or interest, against the representative of a deceased person or lunatic, or person deriving his title through either of them. The test of the disqualifying interest of a witness not a party to the action is therefore whether he will gain by the decision of the action in conformity with his testimony. Before the Code a witness interested in the event of the action was wholly prohibited from testifying. Under the present section of the Code he is prohibited from testifying in his own behalf or interest. The decisions of the courts before the statute and the reasons for the rule adopted are instructive, and, under certain conditions, applicable. In Marquand v. Webb, 16 Johns. 89, the action was against a part owner of a vessel for repairs. Another part owner was called as a witness for the plaintiff to prove the ownership of the defendant, and he was held to be incompetent to testify to that fact, because he had an interest in charging the defendant, and so increasing the number of part owners, and thus diminishing the amount of contribution or loss which he would otherwise be obliged himself to sustain. After much discussion and questioning, the doctrine established by this case was reconsidered and applied in Pierce v. Kearney, 5 Hill, 82, where the language is so applicable to our views in the present case that we quote from the opinion of the chief justice:

"The reasons for the doctrine are, in short, that the witness, being prima facie liable for the whole debt, is called for the purpose of bringing in another to share in that liability; whereas, for aught that appears, without his testimony the plaintiff would fail and the whole liability devolve upon the witness. And there is this further reason in the case of a joint demand, viz. that the recovery would extinguish the original liability, and cut down that of the witness to a simple claim of contribution."

These decisions, and the reasons upon which they are founded, have been frequently cited with approval as illustrating the disqualification of a witness under the provisions of the Code. Hunter v.

Herrick, 26 Hun, 272, affirmed in 92 N. Y. 626; Wilcox v. Corwin, 117 N. Y. 500, 23 N. E. 165. In the latter case, the action was upon a promissory note made by two persons, one of whom was dead. The comaker was called by the plaintiff to prove a conversation had between the deceased and the holder of the note, tending to show a recognition of the note by the deceased as an outstanding liability. The witness was held incompetent to testify, because it was for his interest to render his codefendant liable as well as himself, and his testimony tended to prove joint liability, and consequently the duty of contribution, between the deceased maker and himself. In the case at bar, Hixson was primarily liable to pay the whole of the note, not only because he was surviving partner, but because the partial payment which took the claim out of the operation of the statute was made by him. The copartnership business was closed "and dissolved," in the language of the stipulation on the trial, seven years before the partial payment was made, and Hixson, therefore, had no power as partner to bind Rodbourn by a partial payment unless he had authority from him to make it. Van Keuren v. Parmelee, 2 N. Y. 523, 51 Am. Dec. 322; Harper v. Fairley, 53 N. Y. 442. The plaintiff upon the trial recognized this rule, and sought to prove by Hixson a direction for payment by Rodbourn. At the joinder of issue, therefore, it stood that Hixson was liable upon the note as surviving partner, because he had taken it out of the statute by a partial payment, and the estate of Rodbourn was released, because the statute of limitations had been set up in the answer, unless the plaintiff was able to prove that Rodbourn had authorized the partial payment. If Rodbourn was liable at all on the original debt, it was a joint liability with Hixson. The action was for the entire debt against Rodbourn's estate. It seems quite clear that Hixson was interested in shifting the liability for the entire debt upon the estate of his deceased partner. The recovery against the estate would extinguish the original liability, and cut down the liability of the witness to a simple claim for contribution.

But the respondent insists that at the time of the trial the statute of limitations had run against Hixson himself, and that, therefore, he had no interest whatever in the demand, because he was relieved from payment. This position is not tenable. The mere running of the statute of limitations does not pay the debt or raise any presumption of payment. Johnson v. Railroad Co., 54 N. Y. 416, 13 Am. Rep. 607. In addition, it was admitted upon the trial that Hixson, the copartner of defendant's intestate, left this state in 1887, and went to and resided in the state of Kentucky. He testifies himself that he is now a resident of the state of California, and that in 1892 he was a resident of the state of Illinois. There is therefore proof that in 1887 he took up his residence without the state, and has continued to be a nonresident from that time until the present; for, in the absence of contrary proof, we must assume that a fact once established has continued. He therefore comes within the exception provided by section 401 of the Code of Civil Procedure, which provides that if, after a cause of action has accrued against a person, he departs from and resides without the state,

and remains continuously absent therefrom for the space of one
year or more, the time of his absence is not a part of the time
limited for the commencement of an action against him. The fact
that Rodbourn, his codebtor, remained in the state, did not prevent
the suspending of the running of the statute as against him. Denny
v. Smith, 18 N. Y. 567. The note was made in this state, and paya-
ble here, and he was offered as a witness by the plaintiff in an action
tried in this state. Although the plaintiff may be a nonresi-
dent of this state, she has come to its forum, and the rule is well
settled that when a citizen of one state seeks a remedy upon a claim
in the forum of another state he submits to all the laws of such state
relating to the remedy, and has no cause of complaint if those laws
deprive him of advantages that he might have had under the laws
of his own state. Wood, Lim. (2d Ed.) 33. The law of the forum
governs all questions arising under the statute. Beer v. Simpson,
65 Hun, 17, 19 N. Y. Supp. 578. Matters respecting the remedy,
such as bringing suits, admissibility of evidence, statute of limita-
tions, depend upon the law of the place where the suit is brought.
Miller v. Brenham, 68 N. Y. 87.

The facts of the case, therefore, clearly show that the statute of
limitations in this state has not run on the note against the co-
debtor, Hixson, notwithstanding more than six years have elapsed
since the partial payment of $25 made by him. He is offered as a
witness in an action tried in this state, and his competency is to be
judged by the fact as to whether or not he would be liable in an
action brought against him here, and not whether he might escape
liability if an action were brought in a foreign forum. He could not
successfully plead the statute of limitations if an action were brought
against him in this state, and therefore he is interested in the event,
and was testifying in his own behalf for the purpose of compelling
the estate of his deceased partner to pay the entire debt, and was
incompetent for that purpose. There was no evidence of any pay-
ment other than the $25, and the finding of the court that the in-
terest had been paid to January 1, 1890, being erroneous, the judg-
ment must be reversed upon the facts, as well as for the error pointed
out, and a new trial granted, and it therefore becomes unnecessary
to consider the question raised by the appellant as to the necessity
of the plaintiff alleging and proving the insolvency of Hixson, the
surviving partner, before proceeding against the estate of his de-
ceased partner, as well as the other points urged by him on his
argument.

The judgment should be reversed on the law and facts, and a new
trial ordered, with costs to abide the event. All concur; PARKER,
P. J., and CHASE, J., in result.